COMMISSIONERS OF HIGHWAYS OF THE TOWN OF GENESEO, IN HENRY COUNTY

*v.*

JOSHUA HARPER.

1. CERTIORARI—*the common law writ—its general purpose, and the questions arising under it.* The common law writ of *certiorari*, is the only mode by which the entire record of the proceedings of an inferior tribunal can be brought into the Circuit Court.

Syllabus.

2.  That writ brings up a full and complete transcript of the record of the proceedings of which complaint is made, and when brought up, the superior court tries the case on the record alone. The trial is had by an inspection of the record, and not on any issue of fact, but of law rather, as on a writ of error. The question for the superior tribunal is, had the inferior tribunal jurisdiction of the parties and of the subject matter, or has it exceeded its jurisdiction, or otherwise proceeded contrary to law?

3.  SAME—*when it will lie.* So when it is sought to question the jurisdiction of Commissioners of Highways in regard to the subject matter of laying out and establishing a highway, the only mode of doing so is by the common law writ of *certiorari.*

4.  APPEAL—*from Commissioners of·Highways to the Supervisors—what questions may arise thereunder.* An appeal is allowed from an order of Commissioners of Highways to three Supervisors, but the only questions for the Supervisors to decide on such an appeal, are, as to the expediency or inexpediency of the road, and the amount of damages which the appellant will sustain by its location over his land. The question of the jurisdiction of the Commissioners could not·arise on such a proceeding.

5.  HIGHWAYS—*within what time Commissioners must meet to hear reasons for or against a road.* A petition to Commissioners of Highways for the alteration or discontinuance of any road, or laying out any new road, must be posted up twenty days before any action can be had in reference to it; and the Commissioners are required to meet within ten days after the expiration of the twenty days provided, to hear reasons for and against the object sought by the petition. This requirement is not merely directory, but is peremptory; such a meeting of the Commissioners within that time, is essential to the validity of their action. A meeting twenty-three days after the expiration of the twenty days will not satisfy the requirement of the statute.

6.  SAME—*notice must be given of the meeting of the Commissioners.* And notice must be given, as required by the statute, of such meeting of the Commissioners. That is essential to their jurisdiction, and the want of it will vitiate their proceedings. What is said to the contrary in *Wells et al.* v. *Hicks*, 27 Ill. 345, is to be regarded as *obiter dictum* merely.

WRIT OF ERROR to the Circuit Court of Henry County; the Hon. IRA O. WILKINSON, Judge, presiding.

The facts are sufficiently stated in the opinion of the Court.

Mr. J. B. CARPENTER, for the plaintiffs in error.

Mr. GEORGE W. SHAW, for the defendant in error.

Mr. Justice Breese delivered the opinion of the Court:

This record brings before us the validity of certain proceedings of the Commissioners of Highways of the town of Geneseo, in the County of Henry, in locating a public highway in that town. The record of their proceedings was brought to the Circuit Court of Henry County, on the petition of Joshua Harper, the owner of the land through which the road was established, who claimed to be aggrieved by the action of the Commissioners, and challenged their action in the premises, as being contrary to the statute, and their proceedings null and void.

The record returned to the Circuit Court on the writ of *certiorari* shows:

1. The petition to the Commissioners of Highways of, Geneseo, to locate the road described in it, to which is attached an affidavit of the posting up of the same in three of the most public places in the town, on the eleventh day of July, 1862.

2. The survey of the road caused to be made by the Commissioners, by one Holmes, Surveyor, with a plat of the survey. The report recites, that the Commissioners having on the 23d day of August, 1862, personally examined the route proposed in the petition for a road, and having heard such reasons as were offered for and against the laying out of said road, at the time and place fixed upon and appointed by them for the hearing thereof, were of opinion that the laying out the road is necessary and proper, and that the public interest would be promoted thereby, and accordingly the road is established according to the survey. This report is dated November 10, 1862, and signed by two only of the Commissioners of Highways.

3. A return of the assessment of damages of the same date, to the defendant in error of one hundred and twenty dollars, and signed by the same two Commissioners.

4. A certificate that the above contains all the record that can be found in the office of the Town Clerk.

8—38th Ill.

And they further return that "the notices posted and given in the matter of laying the said highway, fixing the time and place when and where they would hear the reasons for and against the location of the same, and the adjournments of said meeting, can not be found on file in the office of said Town Clerk, and the same must have become lost."

On this record the Circuit Court decided the proceedings in laying out the road to be null and void, and the case is brought here by writ of error.

In the Circuit Court, the plaintiffs in error moved the court to dismiss the petition for the reason—

1. Because the petitioner did not show or allege any reason for not taking an appeal in the manner provided by the statute from the decision of the Commissioners.

2. Because the petition is indefinite, uncertain, and does not show facts to warrant the issuing of a *certiorari.*

The law under which these proceedings were had, (Section 68) provides for an appeal to three Supervisors from the order of the Commissioners, at any time within thirty days after filing the order in the Town Clerk's office. Such appeal must be in writing, signed by the party appealing, and must briefly state the ground on which it is made, and whether it is brought in relation to damages assessed by the Commissioners, or in relation to the laying out the road, or whether it is brought to reverse entirely the determination of the Commissioners, or only a part thereof, and in the latter case shall specify what part.

It has been decided by this court in the case of *The People, ex relatione Beadles,* v. *Smith et al.,* 15 Ill. 326, that the only questions for the Supervisors to decide on such an appeal, are, as to the expediency or inexpediency of the road, and the amount of damages which the appellant will sustain by its location over his land.

This being so, an appeal would not meet the exigencies of the petitioner's case, as other questions, of more moment, are presented, going to the jurisdiction of the Commissioners over

the subject matter. The common law writ of *certiorari*, is the only mode by which the entire record of the proceedings of an inferior tribunal, can be brought into the Circuit Court. That writ brings up a full and complete transcript of the record of the proceedings of which complaint is made, and when brought up, the Superior Court tries the case on the record alone, and it is not permitted to try it upon the allegations in the petition, or on facts not appearing in the record. The trial is had by an inspection of the record, and not on any issue of fact, but of law, rather, as on a writ of error. The question for the superior tribunal is, had the inferior tribunal jurisdiction of the parties and of the subject matter, or has it exceeded its jurisdiction, or otherwise proceeded contrary to law. *Commr's of Sonora* v. *Supervisors of Carthage*, 27 Ill. 143. .

By an appeal, the Supervisors, under section 75, would only consider the propriety and expediency of locating the road; and the subject of damages.

Now, the complaint is that the Commissioners had no jurisdiction of the subject matter, a question the Supervisors could not investigate, hence the only mode by which that question can be tested, is by removing the record by this common law writ of *certiorari*. The court therefore did not err in refusing to dismiss the petition.

The defendant in error made several objections to the return of the Commissioners and the matters contained in it, and—

First. That the Commissioners did not meet to examine the route described in the original petition for the road, and hear reasons for and against the location, within ten days after the expiration of the twenty days' notice required by law to be given, but on the contrary, they met for such purpose twenty-three days after the expiration of the twenty days.

Second. That while the statute requires the Commissioners, before determining to lay out a new route, to fix upon a time and place of meeting, and cause written notices thereof to be posted in three of the most public places in the town, at least eight days previous to the day of meeting, which the record

does not show; he also alleged that he had never heard of, or seen any such notices, nor had he actual notice of the meeting at which the highway was located, until one of the Commissioners informed him that the highway was located, and his damages assessed.

Third. That the damages were assessed by two only of the Commissioners without the presence of the other.

The substantial question presented is, was any notice given of the meeting of the Commissioners to decide upon the route of the road, and to hear reasons *pro* and *con?* The record shows no other day of meeting than the 23d of August, 1862. The record fails to show any time or place fixed upon for hearing reasons. There is a total absence of evidence on that point. Section 52, of the Township Organization Act, provides whenever any number of legal voters determine to petition the Commissioners of Highways for the alteration or discontinuance of any road, or laying out of any new road, they shall cause a copy of their petition to be posted up in three of the most public places in the town, twenty days before any action shall be had in reference to the petition. Section 53 provides: Whenever the Commissioners of Highways shall receive a petition in compliance with the two preceding sections, they shall, or a majority of them, within ten days after the expiration of the twenty days required in section (fifty) two of this article, personally examine the proposed alteration, discontinuance or route for the new road proposed to be laid out, and shall hear any reasons that may be offered for or against altering, discontinuing or laying out the same, &c. By section 54, before determining to lay out any new road, the Commissioners shall fix upon a time and place, when and where they will meet to hear any reasons that may be offered for or against laying out the same; and they shall cause written notices thereof to be posted up in three of the most public places in the town, at least eight days previous to the time of meeting. (Sess. Laws 1861, page 255.

This is the chart by which the course of the Commissioners

is to be governed. *Corley et al.* v. *Kennedy*, 28 Ill. 145. An inspection of the record returned, shows they have failed to comply with it. But it is said by the plaintiff in error, all this is merely directory to the Commissioners, and their omission to give these notices, can not vitiate their proceedings, and reference is made to the case of *Wells et al.* v. *Hicks*, 27 Ill. 345. A reference to that case will show that this question was not directly before the court for decision—it was not presented for decision, consequently what was said by the learned judge in that case, on that point, is *obiter dictum*, merely.

We are satisfied the statute requires—commands—the Commissioners to meet within ten days after the expiration of the twenty days provided for in section 52, to terminate so soon as possible, the vexatious and interesting questions which most usually pertain to laying out a new road. Such a meeting within that time, we think, was necessary to the validity of the location of the road, and the record should show it affirmatively.

Again, by section 54, the Commissioners are required to fix upon a time and place of meeting, when and where they will hear reasons for and against the road, written notices of which must be posted up in three of the most public places in the town, eight days before the meeting. The record does not show this notice was ever given. *Corley* v. *Kennedy*, *supra.* It is not sufficient to aver that the notices are lost. There is no allegation they ever existed. It is all important to land owners whose property is about to be taken for public use, that they should have the notice required by law, of the proceedings for that purpose, so that they may make objections, and have an opportunity to protect their rights. This notice goes to the jurisdiction of the Commissioners, and we can not presume a jurisdictional fact. Such facts being established, the court then is allowed to presume other facts to sustain the jurisdiction, but not the jurisdiction itself.

The Circuit Court decided correctly in quashing the proceedings, and their judgment must be affirmed.

*Judgment affirmed.*