JOHN FRIZELL *et al.*

*v.*

JOHN ROGERS.

1. HIGHWAYS—*notice of hearing and posting of petition jurisdictional.* In counties under township organization, unless copies of the petition for laying out a highway are posted as required by the statute, and notice is

| 82 | 109 |
|----|----|
| 39a | 90 |
| 82 | 109 |
| 52a | 502 |
| 82 | 109 |
| 46a | 265 |
| 82 | 109 |
| 59a | 672 |
| 82 | 109 |
| 74a | 411 |
| 82 | 109 |
| 181 | 143 |
| 82 | 109 |
| 183 | 372 |
| 82 | 109 |
| 183 | 372 |
| 184 | 322 |
| 82 | 109 |
| 194 | 1547 |

given by the commissioners of highways to hear reasons for or against, they will have no jurisdiction to act. Such notices are jurisdictional, and unless proved by affidavit, or other legal evidence, an order establishing a highway will be enjoined in equity.

2. Same—*posting may be shown by recital in order.* Commissioners of highways may receive any competent evidence of the posting of copies of a petition for a new road, and if their order establishing the road shows that such evidence was received, showing the fact of posting, it will be sufficient evidence of their jurisdiction to act.

3. Same—*appeal.* If commissioners of highways, in making an order to lay out a highway, have no jurisdiction, their proceedings will be void, and there will be nothing to appeal from. An appeal is a recognition of jurisdiction.

4. Chancery jurisdiction—*enjoining opening of road.* Where an order of commissioners of highways establishing a highway is void for want of jurisdiction, a court of equity will entertain a bill to enjoin the opening of the road, although no order is made to open the same.

Appeal from the Circuit Court of Jefferson county; the Hon. Tazewell B. Tanner, Judge, presiding.

Messrs. Green & Carpenter, for the appellants.

Mr. Greenberry Wright, and Mr. William J. Kerr, for the appellee.

Mr. Justice Scholfield delivered the opinion of the Court:

This appeal is prosecuted to reverse a decree of the court below enjoining commissioners of highways from ordering the opening of a certain highway.

The order of the commissioners laying out the highway is, as disclosed by the record before us, clearly void, for want of jurisdiction in them to make such an order. It is provided by § 71 of chap. 121, entitled "Roads and Bridges," R. Laws of 1874, p. 924, that "Whenever any such number of freeholders" (that is twelve, residing within three miles of the road to be laid out, § 69), "determine to petition the commissioners of highways for the alteration, widening or vacation of any road, or laying out any new road, they shall cause a copy of the petition to be posted up in three of the most pub-

lic places in the town, in the vicinity of the road to be laid out, altered widened or vacated, at least twenty days before any action shall be had in reference to such petition. The posting of any such notice required by this act may be proved by the affidavit of the person posting the same, or by other legal evidence."

And, by § 72, " Whenever the commissioners of highways shall receive any such petition, with the proof of the posting of copies, as in the next preceding section specified, they shall fix upon a time when and where they will meet to examine the route of such road, and to hear reasons for or against the altering, widening, vacating or laying out the same—which meeting shall be within twenty days after the expiration of twenty days required for the posting of the copies of the petition in the next preceding (71) section, and they shall give at least ten days' notice of the time and place of such meeting, by posting up notices in three of the most public places in the township, in the vicinity of the road to be widened, altered, vacated or laid out."

The notices required to be given by these sections are jurisdictional, and unless they have been given, the commissioners are not authorized to act. *Commissioners* v. *Harper,* 38 Ill. 103; *Corley* v. *Kennedy,* 28 id. 143.

There is no evidence of the posting of the petition. True, at the end of the petition as copied there appears this: "I hereby certify this was posted according to law. J. B. Bradford, Esq." But no law makes the certificate of a party posting, sufficient. It must be proved by his affidavit or by other legal evidence. Sec. 71.

The commissioners might have received any competent legal evidence of the posting, and if their order had showed they had received such evidence, or that the fact of posting had been proved, it would have been sufficient. *Shinkle et al.* v. *Magill et al.* 58 Ill. 422. Their order entirely omits all mention of the posting of the petition, and, therefore, fails to supply the omission in the record.

Mr. CHIEF JUSTICE SHELDON, dissenting.

Although the entire record, as certified by the proper custodian, in relation to the laying out of the highway, is before us, it does not appear that the notice required by § 72 was ever given. There is no evidence whatever of such a notice in the record.

Although no order was made directing the highway to be opened, we think the fact that the highway was laid out was sufficient to justify appellee in resorting to chancery, to enjoin future proceedings based on that order.

The order to open would follow, as a necessity, the order laying out the road, and it might be made at any subsequent time, so as to cause the road to be opened within five years from the time it was laid out. R. L. 1874, p. 932, § 119.

It can not be said appellee ought to have appealed, because the commissioners having acted without jurisdiction, there was nothing to appeal from. An appeal pre-supposes, and, indeed, is a recognition of jurisdiction.

The equitable jurisdiction in such cases is well settled.

*Decree affirmed.*

Mr. CHIEF JUSTICE SHELDON, dissenting:

I adhere to the rule laid down in *Nealy* v. *Brown et al.* 1 Gilm. 10, and which I had supposed to prevail in this State, that where the question of the existence of a public highway comes up collaterally, as in this case, it is enough, in the first instance, to introduce in evidence the order establishing the road, without making proof of the previous steps required by the statute for laying out the road; that the presumption is, that the antecedent proceedings had been regular, subject, however, to be rebutted. There was no evidence in the present case rebutting the presumption that the antecedent proceedings had been regular—no evidence that a copy of the petition and notices had not been posted—all that appears is, that the proceedings, on their face, do not show such posting.