DAVID E. NEWBY, BY HIS NEXT FRIEND, DAVID BUR-
TON,

v.

COMMISSIONERS OF HIGHWAYS.

*Injunctions—A Wrong merely Apprehended, not a Ground for an Injunc-
tion—Bill to enjoin Highway Commissioners from Opening a Road—In-
valid Order—Mistake—Evidence—Recitals—Remedies.*

1.   An injunction will not be granted to prevent wrong in the abstract,
a wrong that is only nominal or theoretical in character, or a wrong that is
merely apprehended by the petitioner.

2.   Upon a bill filed to enjoin Highway Commissioners from opening a
highway over the complainant's land, it is held that the sworn answer and
personal testimony of the defendants, admitting the invalidity of an order
establishing the road and disclaiming all right and intention to enforce it,
overcame any presumption of intention to open the road that might arise
from the mere existence of the order.

[Opinion filed August 26, 1886.]

APPEAL from the Circuit Court of Clay County; the Hon.
C. C. BOGGS, Judge, presiding.

Messrs. COCKRELL & MONROE, for appellant.

Messrs. COPE & CHESLEY, for appellees.

PLEASANTS, P. J.   Appellant, an infant of ten years, resid-
ing in Indiana with his grandfather, the said David Burton,
filed the bill herein to enjoin appellees and their successors
from opening a highway on the route therein described.   It
avers that he was and is the owner of a forty-acre tract over
which said route runs, but was not so designated as referred to
in the petition for the establishment of the highway; that his
damages have not been released, agreed upon or assessed, nor
the right of way over his said land granted, and that the de-
fendants are nevertheless attempting to operate said road as a

public highway and subject his land to the servitude thereof without compensation. An answer was filed, under oath as required, and a replication thereto, and on final hearing upon the pleadings and proofs the bill was dismissed, and complainant took an appeal to this court by agreement.

It was admitted, substantially by the answer and formally upon the hearing, that he was the owner of the land in question, that the Commissioners had not obtained the right to take it, that the road had been opened by them through its entire length, about a mile and three quarters, and was now open, except upon the premises of the complainant.

The bill further avers that the right of way was never obtained over other lands of owners designated in the petition—the heirs of Moses Johnson and of J. H. Alexander; that two days before the bill was filed one of complainant's solicitors upon careful examination, was unable to find in the Town Clerk's office a record of any proceedings for the establishment of the road except the said petition, and was informed by the clerk that the original papers pertaining to it were then in possession of the defendant Kepley.

It appears, however, that a plat and report of survey of said road, with a final order reciting the receipt of the petition, lawful notice given of the time and place fixed for examining the route and hearing reasons for and against the laying out of the road, the determination to grant the prayer of the petition and the ascertainment and release of all the damages to land owners, and declaring the road established as a public highway, was actually filed in said clerk's office September 11, 1884. Their introduction was objected to for the reason that said order bore date August 6th, being more than five days before it appeared to have been filed, but the report and plat, made a part of it, bore date August 22d, showing a mistake in that of the order which the court properly permitted to be corrected by parol evidence that it was really made and should have been dated September 6, 1884. And as nothing to the contrary appeared, its recitals were sufficient evidence, in this collateral proceeding, that the Commissioners had observed the requirements of the statute in respect to the facts

so recited. Shinkle v. Magill, 58 Ill. 422; Frizell v. Rogers, 82 Ill. 109.

But if the proceedings were regular in all other respects the admitted facts show that the Commissioners had no jurisdiction of complainant's person, and the order, so far as it purported to affect his land, was void. It may therefore be conceded that if they were attempting or threatening or claiming the right by virtue of these proceedings, to take his land, injunction was his proper and rightful remedy. Commissioners of Highways v. Durham, 43 Ill. 87; City of Peoria v. Johnson, 56 Ill. 45; Carter v. City of Chicago, 57 Ill. 283; Trustees v. Walsh, 57 Ill. 363; Frizell v. Rogers, 82 Ill. 109; Bryan v. City of East St. Louis, 12 Ill. App. 390.

Such, however, was not the fact. It appears that complainant's mother was named in the petition as owner, and that she had purchased the land and was then in possession and control of it. The petitioners doubtless supposed she had the title, though the deed she took was to her son, and on record. But it seems the Commissioners, before making the order, must have received information that he had or claimed some interest in it, since a release of damages which was executed by several others of the land owners was prepared to be executed also by E. W. Isom as agent of complainant, and was so signed by him in the body of the instrument (parenthetically). They also afterward took a release from his mother referring to the land as hers; from which it may be inferred that they supposed she had the interest of a widow, and he of an heir; or that Isom could lawfully release for him as "agent" or, that his mother was his guardian and that her release would cure the defect and suffice to give them the right of way.

However much of ignorance there may have been on their part there does not appear to have been any bad faith. They yielded to his right as soon as they were advised of it.

The road, as declared to be established, was of the width of forty feet; its center line along this land was a division fence between it and that of Mr. Chrisby. Mrs. Newby, complainant's mother, had caused this fence to be moved back twenty feet, by which the road was opened. Afterward Chrisby

ran his fence across the strip and joined on to complainant's. The Commissioners gave him notice to remove it, and upon his refusal they tore it down. He replaced it, and then, by what they learned in this controversy with Chrisby, they were put upon inquiry as to complainant's rights. The defendant Kepley thereupon went to Indiana, where complainant and his mother were then residing, and upon learning from them that she had no interest in the land and was not his guardian, the Commissioners desisted from all attempts to take or use it.

And this was before the filing of the bill herein. The answer states that " these defendants have no purpose to open said road except in conformity with the law, and are ready and willing to pay whatever damages, if any, said David E. Newby may be entitled to. The failure to obtain the right of way over the land in controversy is an accident or omission resulting from mistake as to the ownership of said land." On the hearing they testified without contradiction to the facts above stated, and that they have never done or threatened to do anything toward taking the land since thus learning the title, and have no intention to do so without first making lawful compensation.

The only relief prayed is injunction. The ground of it is the alleged attempt or threat to take complainant's land without right, under the proceedings referred to, and impending when the bill was filed. We regard the answer as a denial of the allegation last mentioned, and disclaimer of all right or purpose so to take it, or otherwise without right first obtained. Having been called for under oath and being sworn to, this is evidence of the facts therein stated. It is fully supported by other proof and is not now denied. What more does the complainant need? All the right he claims is fully conceded, and was before he brought his suit. No substantial harm had come to him from what the defendants had previously done through mistake of fact or ignorance of law, nor was any danger of its coming then impending.

Injunction will not be granted to prevent wrong in the abstract, or that is only nominal or theoretical in its character, or

because of the mere apprehension of the petitioner that a wrong may be done. High on Injunction, Sec. 1; Wait's Actions and Defenses (2d Ed.), Vol. 3, p. 689. Nor will this relief be extended in any case beyond what is necessary for the protection of his rights. Wait's Actions and Defenses (2d Ed.) Vol. 3, p. 685; citing Gallaton v. Oriental Bank, 16 How. (N. Y.) 253; Shrewsbury v. Stour Valley R'way Co., 21 Eng. L. and Eq. 628, 636.

It may be that the existence of the order establishing the road would of itself justify an injunction, as affording a presumption of an intention to open the road. But this presumption is overcome by the sworn answer and personal testimony of the Commissioners admitting its invalidity, and disclaiming all right and intention to enforce or pursue it against complainant. High on Injunction, Sec. 10; United States v. Duluth, 1 Dillon, 469. In the case last cited Mr. Justice Miller states the rule to be that "when the damage or injury threatened is of a character which can not be easily remedied if the injunction is refused, and there is no denial that the act charged is contemplated, the temporary injunction should be granted unless the case made by the bill is satisfactorily refuted by the defendant." The same seems to be recognized by our own Supreme Court in Trustees, etc., v. Walsh, 57 Ill. 366.

We think it would be an abuse of this extraordinary remedy to apply it in such a case as is here shown, and the decree of the Circuit Court will be affirmed.

*Decree affirmed.*