## Henry Imhoff et al. v. Commissioners of Highways et al.

1. CERTIORARI—*Who May Apply for.*—Before private individuals can apply for a writ of certiorari it must appear that they have some interest in the proceedings sought to be quashed.

2. SAME—*Who Are Interested Parties.*—Persons living within three miles (by the present statute two) of the road sought to be vacated, have a right, as "persons interested," to appeal under Sec. 59 of the Road and Bridge Law.

3. SAME—*Record Must Show That Notice Has Been Given.*—The record must show affirmatively that notice required by the statute has been given, so that the court may be able to see, either from the facts themselves, or specific recitals of these facts, that "due notice" was given. A mere recital in the amended record that it "appears from the evidence that due notice has been given and posted according to law," is a mere conclusion of law, and not sufficient, when no fact is stated from which the court is able to see that this conclusion is true.

4. STATUTES—*Sec. 52 of Chap. 121, Hurd's R. S., 1897.*—Section 52 of Chap. 121, Hurd's R. S., 1897, which provides that the record of the town clerk, or a certified copy of such record and papers relating to the establishment, location, widening or vacation of any road, shall be *prima facie* evidence in all cases that all necessary antecedent provisions have been complied with, and that the action of the commissioners or other persons and officers in regard thereto has been regular in all respects, applies only where the papers show jurisdiction on their face.

Certiorari.—Appeal from the Circuit Court of Jackson County; the Hon. JOSEPH P. ROBARTS, Judge, presiding. Heard in this court at the August term, 1899. Reversed and remanded with directions. Opinion filed March 16, 1900.

**Statement.**—This is a proceeding by common law certiorari, instituted by appellants, property owners of the town of Somerset, in the county of Jackson, for the purpose of quashing the proceedings had by the commissioners of highways of said town, in laying out a certain road, and in vacating a certain other road.

The petition for the writ shows that petitioners are tax payers and property owners in the town of Somerset, and that they all reside within less than two miles of the road sought to be vacated, and of the new road designed to take

Imhoff v. Commissioners of Highways.

the place of the old one; that no notices were posted, in conformity to Sec. 33, Chap. 121, Hurd's R. S., 1897; that the petition for laying out the new road, and vacation of the old road, had never been filed in the office of the town clerk, with the action of the board of highway commissioners indorsed thereon, as required by law; and that by reason of the failure of the commissioners to give notice as above stated, petitioners had no opportunity of appealing from their action in the premises.   The petition prays for a writ of certiorari, and that the proceedings be quashed.   The court directed the issuance of the writ, and the commissioners made return thereto in substance as follows :

1st.   A petition of twelve property owners of the town, residing within two miles of the road sought to be laid out, and within the same distance of the road sought to be vacated, showing the land that will be taken for the new road and the names of the owners thereof; praying for laying out and opening a new road, and for the vacation of the old road.   The petition was filed in the office of the town clerk on the 27th day of August, 1897; and indorsed thereon is a statement that the prayer of the petition was granted September 18, 1897, and is signed by the commissioners.

2d.   The minutes of four meetings of the board of highway commissioners, to wit, the minutes of a meeting of September 4, 1897, which showed no order for the posting of the notices or any time or place for the holding of any meeting to consider the petition filed on August 27th; the minutes of a meeting of September 18, 1897, which showed that the commissioners met at Emile Marie's residence and " decided, after hearing reasons for and against, to grant said petition and disannul the old road after the new road was placed in good condition for travel; " the minutes of a meeting of May 7, 1889, which showed that the commissioners " decided to receive the new road and vacate the old road; " and the minutes of a meeting of January 7, 1899, as follows :

" Commissioners of Highways of Somerset Twp. met at Grange Hall, Jan. 7, 1899, in regular session; all present

except clerk. Upon motion and due consideration and evidence heard, it is ordered unanimously by the board, that the minutes of the meeting of the board of highway commissioners of September 4, 1897, be amended and corrected by adding before the signature of the clerk and the president, the following: 'And at this time came petitioners and presented a petition, signed Emile Marie and others, known as the Kennedy petition, praying that a certain road, running through and over a portion of section 31, T. 8 S., R. 2 west of the 3d P. M., in Jackson County, be vacated and a new road be laid out over the route in the petition described, in lieu thereof, which petition is by the board received and ordered filed; and it is ordered by the board that September 18, 1897, be fixed for the time, and the residence of Emile Marie, in said Somerset Township, in Jackson County, be fixed as the place for hearing reasons for and against the prayer of the petition, and to examine the route of said road; and it is ordered that the clerk give notice of such meeting, according to law;' and that the minutes of the meeting of September 18, 1897, be amended, so as to show that said meeting was held at Emile Marie's residence, and by prefixing the following: 'It appears from the evidence that due notice was given and posted, according to law, to hear reasons for and against granting the prayer of said petition, and for other purposes.' And it is ordered that the clerk make such amendments on the minute book of the respective dates."

3d. The record book of laying out roads showing that the new road had been surveyed, and a statement in the surveyor's certificate that the old road as now existing be declared vacated and annulled. This certificate is not signed by the commissioners of highways.

On this return to the writ, the commissioners moved the court to quash the writ, and the petitioners entered their cross-motion to quash the return and also the record of the highway commissioners. The court quashed the writ of certiorari, overruled petitioner's cross-motion and rendered judgment against petitioners for costs, and the petitioners have appealed, and assign as error the rulings of the court on the motion and cross-motion.

A. B. GARRETT, attorneys for appellants; R. J. STEPHENS, of counsel.

JAMES H. MARTIN, attorney for appellees.

MR. PRESIDING JUSTICE BIGELOW delivered the opinion of the court.

Two questions arise on this record; the first relates to the establishment of the new road; the second to the vacation of the old road.

In regard to the establishment of the new road, it would seem that if no notices were posted, no final order made and signed by the commissioners, and no plat of the new road filed, still petitioners have not made a case that entitles them to be heard.

The petitioners are private individuals, and before they can be heard it must appear that they have some interest in the proceedings sought to be quashed. "Certiorari," Vol. 4, Ency. of Pleading and Practice, pp. 145 and 162. It is not shown that the new road will take any of the land owned by the petitioners, and while it is stated they are tax-payers, it is not alleged that the new road will have to be paid for in whole or in part by the levy of taxes on petitioners' property. Petitioners have no land damages for the taking of which ought to have been released, as was the case in Hyslop v. Finch, 99 Ill. 171, and the absence from the commissioners' record of the release of the land owners, furnishes no cause of complaint to petitioners, unless they will in some way be injured thereby. If the damages are not released or agreed upon, the certificate provided for by Sec. 45, of Chapter 121, Hurd's R. S., 1899, must be filed in ten days from the granting of the petition, or the commissioners can not proceed. Trainor v. Lawrence, 36 Ill. App. 90. So that in no view of the case are we able to see there is even a threatened invasion of any right held by the petitioners, by reason of the record of the highway commissioners, in so far as it relates to the new road; hence the court did not err in quashing the writ so far as it relates to the new road.

With regard to the vacation of the old road, the record presents some serious questions as to the power of the board

of highway commissioners to amend its records in jurisdictional matters, without notice, if it were necessary to pass upon them; but the question of power is not raised by the present record, for reasons hereafter stated.

It was held in Whitmer v. Commissioners of Highways, 96 Ill. 289, that persons living within three (by the present statute, two) miles of the road sought to be vacated, had a right, as " persons interested," to appeal, under Sec. 59 of the Road and Bridge law. Petitioners have, under that decision, a sufficient interest to apply for a writ of certiorari.

That the record of the board of highway commissioners would have been vulnerable to certiorari up to the meeting of January 7, 1899, is not seriously questioned. The record does not preserve the notice provided for by the statute, and there is no recital that notice was given, except as the amendment of January 7, 1899, attempts to cure the defect. Waiving the power of the board to amend its record, as relied on by the case of County of DuPage v. Com'rs of Highways, 142 Ill. 607, we are of the opinion that the recital in the amended record, " it appears from the evidence that due notice has been given and posted according to law," is insufficient. The recital is a mere conclusion of law; no fact is stated from which the court is able to see that this conclusion is true. Whether time and place was specified in the notice when the petition would be heard, is not stated, nor are other details in regard to time and place of posting the notices. A *quasi* judicial tribunal of inferior jurisdiction must recite the facts, or preserve the facts themselves, upon which its jurisdiction depends. Whether the above recital would be sufficient against a collateral attack is not a question presented by this record; certiorari is a direct attack on the record. Van Fleet's Collateral Attack, Sec. 2. The record must show affirmatively that the notice provided for in the statute has been given, so that the court may be able to see, either from the facts themselves, or specific recitals of those facts, that " due notice " was given. Com'rs v. Harper, 38 Ill. 103; Shinkle

v. Magill, 58 Ill. 422.   The amended record, as to notice, is substantially the same as the original record, in the case of Johnson v. Stephenson, 39 Ill. App. 88.   That case seems to be in point here and we concur in its statement of the law.

Section 52 of Chap. 121, Hurd's R. S., 1897, reads as follows :

" The record of the town clerk, or a certified copy of such record and papers relating to the establishment, location, alteration, widening or vacation of any road, shall be *prima facie* evidence in all cases that all necessary antecedent provisions have been complied with and that the action of the commissioners, or other persons and officers, in regard thereto, was regular in all respects."

This section has been appealed to as settling that the jurisdictional steps have been taken in this case, at least, *prima facie.*   We are inclined to adopt the views of the court in the case of Commissioners of Highways v. People, 2 Ill. App. 24, that such effect can only be given when the papers show jurisdiction on their face.

Suppose a case where no notice has in fact been given, or notice given for too short a time, so that the proceeding would come within the principle of Johnston v. Baker, 38 Ill. 98, and so be professedly void, it would amount to a denial that such a record could be attacked by certiorari, when it is affirmed that the order vacating or laying out a highway would create a *prima facie* case.   For in certiorari, as the writ is administered in this State, no issue of fact can be taken on the record; the record is tried by itself, and in the case supposed, no matter that the jurisdiction may be lacking, either in fact, or by reason of the want of recitals of facts to show the jurisdiction, the order laying out or vacating the highway becomes absolutely conclusive that all jurisdictional steps have been taken, unless an issue, supported by proof, could be taken on the jurisdictional question, so as to overcome the *prima facie* case believed by appellees to exist by virtue of the statute.

We do not think that the legislature intended, in the enactment of the section, to broaden the scope of the issues to be tried in certiorari, so as to form an issue for the

admission of matters *in pais;* nor do we think that it was intended to narrow the scope of the writ, as would be the case if, on the one hand, it is said that no issue can be tried except by the record itself, and on the other, that such record is *prima facie* correct. The result would be that no records could be attacked by certiorari except such as carry on their face proof that no jurisdictional steps have been taken. But the law is that, " in tribunals of special and limited jurisdiction, the particular facts and circumstances upon which their jurisdiction is based, must appear from the face of the proceedings, and if they do not thus appear, certiorari will lie." Vol. 4 of Ency. of Pleading and Practice, pp. 92 to 93.

Had the petition and order concerned only the laying out of a new road, the ruling of the court in quashing the writ and denying appellants' cross-motion to quash the return, would have been right, but only for the reason that appellants had no legal standing in court entitling them to the right to attack the record.

The laying out of the new road and the vacation of the old road, were interdependent acts to such an extent as to make them legally but one act, which could not be severed, and since the order vacating the old road is void, for want of proper notice of the proceedings on which it is based, the order laying out the new road must be held void also.

The court erred in overruling appellants' cross-motion to quash the return, and in sustaining appellee's motion to quash the writ, and for this error the judgment is reversed and the cause remanded, with directions to the Circuit Court to quash the return to the writ.