## W. R. Perry et al., Commissioners of Highways, Edgar Phillips, Justice of the Peace, and A. T. McReynolds, Town Clerk, v. Elihu Bozarth and Luther Brining.

1. CERTIORARI—*Proper Mode of Testing the Validity of Proceedings by the Commissioner of Highways.*—Proceedings by certiorari are the only mode by which the entire record of the proceedings of the commissioners of highways can be brought into the Circuit Court and the question tested as to whether such commissioners had jurisdiction of the parties and of the subject-matter, or exceeded their jurisdiction or otherwise proceeded contrary to law.

2. COMMISSIONERS OF HIGHWAYS—*Notice Jurisdictional.*—The notice required by the road and bridge act to be given by the commissioners of highways of the time and place when and where they will meet to hear reasons for and against laying out a new road or vacating an old one, is jurisdictional, and where the records of their proceedings fail to show that such notice was given, the action taken by such commissioners is without authority.

Certiorari, to review proceedings of the commissioners of highways. Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the November term, 1900. Affirmed. Opinion filed June 10, 1901.

JAMES L. LOAR, attorney for appellants.

OWEN & OWEN and WILL & WHITMER, attorneys for appellees.

MR. JUSTICE BURROUGHS delivered the opinion of the court. The record in this case brings before us the validity of

certain proceedings of the commissioners of highways of the town of Allen, in McLean county, in vacating a certain public road and locating and laying out a new public road in said town, under one petition, by certain land owners of said town. The records of the proceedings of the commissioners concerning said road were brought before the Circuit Court of McLean County by writ of certiorari, on the verified petition of appellees, Elihu Bozarth and Luther Brining, who own land adjoining the road vacated and near the new road, and who claim to be aggrieved by such action of the commissioners, and challenge their action in the premises as not being in accordance with the provisions of the statute, and averring that their proceedings and order vacating the old and laying out the new road were null and void.

The record of the commissioners returned to the Circuit Court on the writ shows :

1. A petition to said commissioners of highways, which is as follows, to wit:

" The undersigned, being two-thirds of the land owners residing in such town within two miles of the road running diagonally through the E.$\frac{1}{2}$ of section 32, in Allen township, and within two miles of the route hereinafter mentioned and described for a road, do hereby petition you to vacate said road, or the following portion of said road: From the point where it leaves the one-half section line of said section 32 to the ' old county road,' near the township line, and to lay out a new road of the width of sixty feet, as follows : Commencing at the center of section 32 in the town aforesaid, and running south to the road known as the old county road, about thirteen rods north of the township line. The names of the owners of the lands over which the same is to pass are P. T. Brooks, J. M. Dornall and the heirs of Thos. James, deceased; and your petitioners pray that you will proceed to lay out said road and cause the same to be opened according to law.

Dated this 14th day of May, A. D. 1900."

And is signed by the names of seventeen persons. On the back of which is indorsed the following :

" The prayer of the petitioners herein, after full consideration thereof on notices and hearings, etc., according to

law, is granted, the said road petitioned to be vacated is declared vacated, and petition to open new road is accordingly granted," which is signed by the three commissioners of highways, under which appears the following :

" Filed in my office May 15th, 1900.

A. T. McReynolds, Clerk."

2. A highway notice as follows, to wit :

" A petition having been presented to the commissioners of highways of the town of Allen, in the county of McLean and State of Illinois, to lay out a new road upon the following described route—the road running diagonally through the E. ½ of section 32, in Allen township, and within two miles of the route hereinafter mentioned and described for a road, we do hereby petition you to vacate said road, or the following portion of said road : From the point where it leaves the one-half section line of section 32 to the old county road, near the township line; and to lay out a new road, of the width of sixty feet, as follows: Commencing at the center of section 32, in the town aforesaid, and running south to the road known as the old county road, about thirteen rods north of the township line. The names of the owners of the land over which the same is to pass are P. T. Brooks, J. M. Dornall, and heirs of Thomas James, deceased. Commissioners do hereby give notice that they have fixed on the 25th day of June, A. D. 1900, at the hour of 2 o'clock P. M., at road site (at cemetery), in said town, as the time and place they will meet to examine the route of such road, and hear reasons for and against the laying out of the same, when and where all persons interested can be heard. Given under our hands this 14th day of June, A. D. 1900."

And signed by the three commissioners of highways.

3. Order of commissioners of highways as follows, to wit :

"Meeting of the Commissioners of Highways, on Road Petition.

First Meeting June 25th, 1900.

State of Illinois, } ss.
McLean County. }

Petition for Vacating a Road and Opening New Roads.

The commissioners of highways met on the 25th day of June, 1900, at road site at cemetery, all having notice

Perry v. Bozarth.

thereof. Present, W. R. Perry, L. P. McReynolds and John L. Tyner. The petition of (12) freeholders was received praying for vacating a certain road, commencing at center of section 32, running between the farms of P. T. Brooks, and heirs of Thomas James, deceased, on the west, and Elihu Bozarth, Luther Brinning and Ray Hobert on the east, to old county road, and laying out a new road, commencing at the center of section 32 in the town aforesaid, and running south to the road known as the old county road, about thirteen rods north of the township line; fuller description appears below."

The commissioners fixed upon the 25th day of June, 1900, at two o'clock P. M., ten days' notice having been given, as the time when, and road site at cemetery as the place where, they should meet to examine the route of said road and hear reasons for or against the prayer of said petition, notice of which is (was) ordered to be given pursuant to the statute. The commissioners met again at the time and place last aforesaid and heard reasons for and against vacating and laying out a new road. At the meeting at the time and place last aforesaid the commissioners decided unanimously to grant the prayer of said petition and thereupon caused a survey and plat of said new road to be made by a competent surveyor, and the matter of damages by the owners of land being settled, and settled and adjusted in the manner as provided by law, the commissioners ordered that the old road petitioned to be vacated be and the same is hereby vacated, and the prayer of said petition be granted, the said road to be vacated being described in the petition, and is as follows, to wit:

Commencing at a point where said road leaves (one-half) section line north and south of section 32, town 25 north, range one (1), diagonally through the east half of section 32, from the point where it leaves the half ($\frac{1}{2}$) section line of said section 32 to the old county road.

The said commissioners hereby order and direct that the said road be vacated according to the provisions of the statute. It is further ordered by the said commissioners that the prayer of the petitioners establishing a new road

be granted, and a new road is hereby established according to said petition, the said road to be opened and established being described as follows, to wit: Commencing at the center of the half section line running east and west, and being 144 rods north of county road, all of section 32, town 23 north, range 1, being on the half section line, said road being sixty feet wide, and running thence south 144 rods to county road, and passing over land owned by P. Brooks, J. Dornall, and the heirs of Thomas James estate, and the said memorandum was made and annexed to the petition showing that the same was granted. That survey has been made according to law. All of which is set forth and will fully appear by the original papers in said case returned and on file in the office of the town clerk, A. T. McReynolds, which was signed by the three commissioners of highways.

4. Certificate of commissioners of highways made to Edgar Phillips, a justice of the peace, as follows, to wit:

" We, the undersigned commissioners of Allen township, county of McLean and State of Illinois, hereby certify that we have heretofore held meeting, posted notices, and otherwise complied with the law regarding the vacating and locating and laying out a road, and we further certify we are about to vacate a road described as follows, to wit: The road running diagonally through the east one-half of section 32 in Allen township and within two (2) miles of the route hereinafter mentioned and described for a road, as follows, to wit: from the point where it leaves the one-half ($\frac{1}{2}$) section line of said section 32 to the ' old county road ' near the township line.

The said commissioners have also decided to establish a road described as follows, to wit: beginning at a point 144 rods north of the old county road, section 32, township 23 north, range one west of the third (3d) principal meridian, being sixty feet wide and passing over and upon the property of the following land owners, to wit: P. T. Brooks, J. Dornall, and the heirs of Thomas James estate; and the said commissioners hereby request that a jury to assess the damages, if any, of those entitled to the same be called as provided by law.

And the commissioners further say that Elihu Bozarth and Luther Brinning claimed damages by reason of the

vacating of the said old road, and the commissioners can not agree with the said parties as to the amount of their damages, and they request that a jury be called to assess the amount of their damages, if any, according to law. The said commissioners believing that the said parties are not entitled to any damages therefor whatever. Given under our hands this 26th day of June, 1900."

Which was signed by all three of the commissioners of highways.

5. A transcript from Edgar Phillips, justice of the peace, showing that he issued a summons for Elihu Bozarth, Luther Brinning, and the heirs of Thomas James estate, to appear before him at his office on July 2, 1900, at nine o'clock A. M., and prove to the jury such damages as they may have sustained on account of the establishing, altering or vacating of the roads described in above certificate of the commissioners of highways, dated June 27, 1900.

Which summons shows service by constable upon within named defendant. And the transcript shows that at the time and place mentioned in the summons, a jury of six men appeared in response to a venire issued for them, and also appeared Elihu Bozarth, who entered a limited appearance and made a motion to dismiss the suit for reasons that summons shows it was dated June 27, 1900, and is returnable July 2, 1900, which is less than six days; motion overruled; jury sworn; evidence by plaintiff heard; Elihu Bozarth and other defendants did not appear. After hearing the evidence, the jury returned a verdict finding that Elihu Bozarth is not entitled to any damages on account of vacating the old and opening the new road as described in above certificate of the commissioners of highways.

6. A diagram of a road sixty feet wide from center of Sec. 32 in tp. 23 N., R. 1, running south to old county road 144 rods distant and showing lands taken from T. P. Brooks 90-100 and from heirs of Thomas James 70-100 acres on the east, and from P. T. Brooks, 57-100 acres and from J. Dornall 106-100 acres on the west. No. certificate or signatures to diagram, shows it was filed June 23, 1900, by H. J. McReynolds, clerk.

7.   Release as follows :

" I hereby agree to give right of way across my land from north line to old county road.

(Signed) JOHN M. DORNALL."

Marked " Filed June 26th.    A. T. McREYNOLDS, Clerk."

" June 18th, 1900.

I hereby agree to accept $75 seventy-five dollars for one half of the road running through S. W. $\frac{1}{4}$ of S. E. $\frac{1}{4}$ of Sec. 32 to what is known as the old county road.

(Signed) MALINDA JAMES."

Marked " Filed this 20th day of June.

A. T. McREYNOLDS, Clerk."

" We agree to above damages."    Signed by three commissioners of highways.

" I hereby agree to give the right of way from center of Sec. 32 to one quarter of a mile south.

(Signed) P. T. BROOKS."

Marked " Filed June 26th.    A. T. McREYNOLDS, Clerk."

The above constituting the whole of the files and records in the above road matter in said return.

In the Circuit Court appellants moved to quash the writ of certiorari for the reason, first, that appellees had a remedy by appeal to three supervisors, and second, that the order and proceedings of the commissioners were valid because they had substantially complied with the statute concerning laying out and vacating roads. Appellees entered a cross-motion to quash the order and proceedings of the commissioners of highways for the reason (among others) that they were without jurisdiction to enter the order vacating the old and laying out the new road because, after receiving the petition of the land owners, they did not give ten days' notice of the time when, and the place where they would meet to examine the route of the old road sought to be vacated and the new road sought to be laid out, and hear reasons for and against vacating the one and laying out the other, by posting up notices thereof in five of the most public places in the township in the vicinity of such roads, as is required by section 33 of said chapter 121.

The court overruled appellants' motion and allowed appellees' cross-motion and entered an order quashing the order and proceedings of the commissioners of highways, to reverse which appellants prosecute this appeal and insist, (1) that the court erred in overruling their motion to quash the writ, because the appellees had a remedy by appealing from the decision of the highway commissioners in deciding to vacate the old and lay out the new road, to three supervisors, under the express provisions of section 59 of said chapter 121, and therefore the proceeding by common law writ of certiorari would not lie; and (2) that by the copy of the order and proceedings of the commissioners of highways made in return to the writ, it does appear that they have substantially complied with the statute in vacating the old and laying out the new road, and that their order and proceedings therein are valid.

In support of the first ground of their insistence, counsel for appellants cite Wright v. Highway Commissioners, 150 Ill. 138.

In that case no question arose as to the jurisdiction of the commissioners of highways in ordering the road laid out, but the objections to their action in that regard were, first, that, they having failed to agree with the land owners over whose land the road passed as to their damages, made a certificate in accordance with section 41 of the road act, and delivered the same to a justice of the peace so as to have the damages assessed by a jury, and in such certificate failed to specify the width of the proposed road; second, that they failed to file the assessment of damages as required by section 49 of said act; and third, that they did not provide in their final order, for the payment of the damages by their town, when the jury found that only one-half of the damages assessed to the owners of land would not be an unreasonable burden on the petitioners for the road. And the court held that by section 59 of said act, any person interested in the decision of the commissioners of highways in determining to lay out any road, or in the verdict of any jury in assessing damages in opening any road,

may appeal from such decision to three supervisors, etc. And that by section 60 of said act, such supervisors are given the same power and authority, upon appeal, as is conferred by said act upon the commissioners of highways, both as to laying out the road and causing a jury to be called to assess damages. And upon such appeal, the proceedings shall be *de novo;* and thus a remedy is provided by law where the action of the commissioners complained of would not be final, and where whatever errors they had committed, if any, could be corrected. And that therefore the common law remedy by certiorari does not lie, because it can only be invoked to review the proceedings of an inferior tribunal where no appeal or other mode of directly reviewing same is provided by law.

In the case at bar, however, the validity of the action of the commissioners of highways in ordering the old road vacated and the new one laid out is challenged by (appellees) land owners adjoining the road vacated, on the ground that the commissioners were without jurisdiction to make the order on account of their failing (among other things) to give ten days' prior notice of the time and place where they would meet to examine the route of the old and new roads, and to hear reasons for and against vacating the one and laying out the other by posting up notices in five of the most public places in the township in the vicinity of the old and proposed new road, as required by section 33 of said act. And certiorari proceedings are a proper mode of reviewing and testing the validity of their action for the reason that it is the only mode by which the entire record of their proceedings can be brought into the Circuit Court, and the question tested as to whether the commissioners had jurisdiction of the parties and of the subject-matter, or exceeded their jurisdiction, or otherwise proceeded contrary to law. Commissioners of Highways v. Harper, 38 Ill. 103.

By appealing to supervisors, appellees could only have them consider the propriety and expediency of vacating the old and laying out the new road, and the subject of damages. Harper case, *supra.*

The action of the commissioners, if without jurisdiction, was void, and there was nothing to appeal from. Frizell v. Rogers, 82 Ill. 109.

The Circuit Court therefore did not err in refusing to quash the writ because appellees had a remedy by appeal.

· As to the second ground of insistence by counsel for appellants, the only evidence in the order and proceedings of the commissioners of highways that they gave ten days' notice of their meeting to examine the route of the roads in question, and to hear reasons for and against vacating the old and laying out the new road, by posting five notices in the most public places in the township where the old and new roads are situated, as provided in section 33 aforesaid, is that recited in the order of the commissioners that they "fixed upon the 25th day of June, 1900, at two o'clock p. m., ten days' notice having been given, as the time when, and the road site at the cemetery as the place where, they should meet to examine the route of road and hear reasons for or against the prayer of said petition, notice of which is (was) ordered to be given pursuant to the statute," and the notice above quoted, which is dated June 14, 1900.

That is not sufficient evidence that such notice was given ten days before June 25, 1900 (the only time the record shows the commissioners met), and that such notice was posted in five of the most public places in the township in the vicinity of the roads in question; for the record must affirmatively show in direct attack upon it by certiorari, that the notice provided for in section 33 aforesaid, was given, by stating how it was given, so the court may be able to see, either from the facts themselves, or specified recitals of those facts in their order, that notice was given "pursuant to the statute." Imhoff v. Commissioners of Highways, 89 Ill. App. 66.

The giving of such notice in the manner required by said section 33 is jurisdictional, and as the record fails to show the commissioners gave such notice they were without authority to make the order, and thus it fails to show they had jurisdiction to enter the order vacating the old and lay-

ing out the new road. (Commissioners of Highways v. Harper, *supra.*) And the Circuit Court, therefore, properly quashed the order and proceedings of the commissioners and its order will be affirmed.