LIZZIE TROXELL *et al*.

*v.*

SAMUEL DICK *et al*.

*Opinion filed June 23, 1905.*

1. CERTIORARI—*case must be tried upon the record alone.* On *certiorari* the superior tribunal tries the case upon the record alone, and not upon the allegations of the petition for the writ nor upon facts not contained in the record returned, and must determine from the record whether the inferior tribunal had jurisdiction or whether it exceeded its jurisdiction or proceeded in violation of law.

2. SAME—*record of highway commissioners must show that notices were posted.* On *certiorari* to review the action of highway commissioners in denying the prayer of a petition to vacate an old road and open a new one, the record must show that the notices of the hearing were posted as provided in section 33 of the Road and

Bridge act; and it is not sufficient that the refusal endorsed by the commissioners on the petition states that notice was given as required by law.

3. SAME—*effect of appeal to supervisors where commissioners had no jurisdiction.* If the record, on writ of *certiorari,* fails to show that the highway commissioners had jurisdiction to deny the prayer of a petition to vacate an old road and open a new one, there being no affirmative showing that they posted the proper notices, the return to the writ should be quashed notwithstanding an appeal was taken to the supervisors, who entered a final order granting the prayer of the petition, since, if the commissioners had no jurisdiction, there was nothing to appeal from and the action of the supervisors was a nullity.

4. HIGHWAYS—*when notice of hearing is void.* Where a petition to highway commissioners prays for the vacating of an old road and the laying out of a new one, a notice which specifies a time for hearing of objections for and against the laying out of the new road only, is void by reason of its silence as to the matter of vacating the old road.

WRIT OF ERROR to the Circuit Court of Moultrie county; the Hon. W. G. COCHRAN, Judge, presiding.

This is a common law writ of *certiorari* in the circuit court of Moultrie county, issued on the petition of plaintiffs in error, Lizzie Troxell, William Troxell and Julius Bicknell against Samuel Dick and two others, supervisors of townships in that county other than Lovington township, and W. O. Neff and two others, commissioners of highways of Lovington township, F. M. Newland, town clerk of said township, and W. B. Shook, a justice of the peace in and for said township, requiring them to send up the record of the proceedings in regard to laying out a certain highway, and in relation to the vacation of a certain public highway already existing.

The defendants answered the petition, and in their return thereto filed a transcript of the records and proceedings demanded by the writ. An agreement was entered into between counsel for defendants and counsel for petitioners, by which it was agreed that the original papers, returned by the justice

of the peace and the town clerk and among the files in the case, should be taken and considered as the return of said defendants to said writ, and that, on the trial of said cause, said original papers should be admissible in evidence with like effect as if the same had been duly returned and certified according to law.

The cause came on to be heard upon the motion of the plaintiffs to quash the return of the defendants, and upon the cross-motion of the defendants to quash the writ of *certiorari*. The cross-motion by the defendants to quash the writ was allowed by the court, and the motion of the plaintiffs to quash the return was overruled, to which the plaintiffs then and there excepted. Judgment was thereupon entered by the court against the plaintiffs and in favor of the defendants for costs of suit. This writ of error is sued out for the purpose of reviewing said judgment.

HARBAUGH & THOMPSON, for plaintiffs in error.

EDEN & MARTIN, for defendants in error.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The office of the common law writ of *certiorari* is to bring up the record of a proceeding from an inferior to a superior tribunal. When the return is made, the superior tribunal tries the case upon the record alone, and not upon the allegations contained in the petition for the writ, or on facts not contained in the record so returned. It is the duty of the superior tribunal to inspect the record as it is returned in obedience to the writ, and to determine whether the inferior tribunal had jurisdiction, or whether it exceeded its jurisdiction or otherwise proceeded in violation of law. (*Commissioners of Highways* v. *Supervisors of Carthage,* 27 Ill. 140; *Whittaker* v. *Village of Venice,* 150 id. 195).

It is contended by the plaintiffs in error, that the judgment of the circuit court should be reversed and the return of the defendants in error quashed. The first point, made by the plaintiffs in error, is that the commissioners of highways were without jurisdiction in the matter of opening the new road and vacating the old road, as prayed in the petition presented to them. Section 33 of chapter 121 of the Revised Statutes provides that, "whenever the commissioners shall receive any such petition, they shall fix upon a time when and a place where they will meet to examine the route of such road, and to hear reasons for or against the altering, widening, vacating or laying out the same; and they shall give at least ten days' notice of the time and place of such meeting by posting up notices in five of the most public places in the township, in the vicinity of the road to be widened, altered, vacated or laid out." (Hurd's Rev. Stat. of 1899, p. 1475).

The petition, presented to the commissioners of highways of Lovington township, was signed by twenty-two persons, and recited that the freeholders, signing the same, residing within two miles of the route thereinafter mentioned and described for a road, did thereby petition the commissioners to lay out a new road of the width of forty feet as follows: (then follows the description;) and recited the names of the owners of land, over which the road was to pass, and also recited that the freeholders, signing the same, residing within two miles of the road known as the main road, etc., did thereby petition the commissioners to vacate said road as follows, (then follows description of the road to be vacated.) The petition prayed that the commissioners would proceed to lay out said road and cause the same to be opened according to law, and to vacate said road so requested to be vacated. The petition was dated the sixth day of December, 1902. Upon the back of the petition was the following endorsement: "The undersigned commissioners of highways of the town of Lovington met at the commence-

ment of road on the 27th day of March, 1903, ten days' no-
tice of the time and place of said meeting having been given
as required by law, to hear reasons for and against the lay-
ing out of the road described in the within petition as therein
prayed, and having personally examined the route of said
road and heard the reasons as were offered for and against
laying out of the same, we decided that the prayer of said
petition should not be granted, which decision was publicly
announced. Given under our hands this 27th day of March,
1903." Signed by two of the commissioners of highways.

Section 34 of the act in regard to Roads and Bridges, be-
ing chapter 121 of the Revised Statutes, provides that, "in
case the commissioners refuse to grant the prayer of the pe-
tition, they shall within five days thereafter, file the same so
endorsed, or with such decision annexed thereto, in the office
of the town clerk." (Hurd's Rev. Stat. of 1899, p. 1475).
The return, made by the defendants in error, did not show
any other writing or memorandum made by the highway
commissioners, or the town clerk, as evidence of a compli-
ance with the requirements of section 33, except the memo-
randum so endorsed on the back of the petition.

It will be observed that this memorandum does not recite
that the commissioners heard reasons for or against vacating
the old road, but only that they heard reasons for and against
the laying out of the new road, although the petition not only
prayed for the laying out of a new road, but also for the
vacation of an old road, which was therein described.

It will be noted, also, that, while the endorsement of the
commissioners recites that ten days' notice of the time and
place of said meeting had been given as required by law, it
does not state that any notices were posted, or when or where
they were posted. The statute requires that the commission-
ers shall give at least ten days' notice of the time and place
of such meeting by posting up notices in five of the most
public places in the township in the vicinity of the road to be
vacated, or laid out.

The fixing of the time and place of the meeting and the posting of the notices provided in section 33 are jurisdictional, and the record must show that there was a compliance with this section. In *Commissioners of Highways* v. *Harper,* 38 Ill. 103, it was held that such a requirement, as is embodied in section 33, is not merely directory, but is peremptory; and it was there said (p. 109) : "It is all important to land owners, whose property is about to be taken for public use, that they should have the notice required by law of the proceedings for that purpose, so that they may make objections, and have an opportunity to protect their rights. This notice goes to the jurisdiction of the commissioners." In *Frizell* v. *Rogers,* 82 Ill. 109, it was said, in regard to similar statutory provisions to that contained in section 33, that "the notices required to be given by these sections are jurisdictional, and, unless they have been given, the commissioners are not authorized to act." The meeting of the commissioners at the time specified is necessary to the validity of the location of the road, and the record should show it affirmatively. (*Commissioners of Highways* v. *Harper, supra*). A mere statement that ten days' notice of the time and place of the meeting was given as required by law, without stating that the requisite number of notices were posted, and that they were posted in the places required by the statute, is not sufficient to give the commissioners jurisdiction to act. Where the record omits all mention of the posting of the notices, there is a failure to comply with the law.

As has already been stated, the endorsement by the commissioners upon the back of the petition does not state that any notice at all was given of the time and place of any meeting to hear reasons for and against the vacation of the old road, described in the petition. As was said by the Appellate Court in *Imhoff* v. *Commissioners of Highways,* 89 Ill. App. 66 : "The laying out of the new road and the vacation of the old road, were interdependent acts to such an extent as to make them legally but one act, which could not be severed,

and since the order, vacating the old road, is void for want of proper notice of the proceedings on which it is based, the order laying out the new road must be held void also." If this principle be applied to the case at bar, the notice being void because of its silence as to the vacation of the old road, would be void also so far as it was a notice in regard to the laying out of the new road. In the case of *Imhoff* v. *Commissioners of Highways, supra,* a record was held to be insufficient, which recited that it appeared from the evidence that due notice had been given and posted according to law; and it was there said: "The recital is a mere conclusion of law; no fact is stated from which the court is able to see that this conclusion is true. Whether time and place was specified in the notice when the petition would be heard is not stated, nor are other details in regard to time and place of posting the notices. A *quasi* judicial tribunal of inferior jurisdiction must recite the facts, or preserve the facts themselves, upon which its jurisdiction depends. Whether the above recital would be sufficient against a collateral attack is not a question presented by this record; *certiorari* is a direct attack on the record. (VanFleet's Collateral Attack, sec. 2). The record must show affirmatively that the notice provided for in the statute has been given, so that the court may be able to see, either from the facts themselves, or specific recitals of those facts, that 'due notice' was given.—*Commissioners of Highways* v. *Harper,* 38 Ill. 103; *Shinkle* v. *Magill,* 58 id. 422."

In *Johnson* v. *Stephenson,* 39 Ill. App 88, where the commissioners made and signed the following order: "At a meeting of the commissioners of highways, held in pursuance of a notice to hear reasons for and against granting the prayer of the within petition, it was decided by us to refuse the prayer of said petition," etc., it was said: "The statute, * * * requires the highway commissioners, before proceeding to hear the petition, to give notice of the time and place of hearing by posting up at least five notices in five of

the most public places in the township at least ten days before the hearing, fixing the time and place of hearing. These notices are jurisdictional, and they must be posted as required before the commissioners have any authority to act. The evidence that these notices have been given as required by the statute must be preserved either by filing the notices with the proof of service with the record of the proceedings, or the commissioners must recite that fact in their order in such manner that the court can see that the notices required by the statute were given for the full time and in the manner required. In the case at bar, the only evidence preserved in the record showing that such notices were given is set out in the order of the highway commissioners, which we have given in full above. It will be seen from an inspection of this order that it falls far short of being a compliance with the statute, and is, therefore, fatally defective to confer jurisdiction, which the record must show affirmatively.—*Commissioners of Highways* v. *Harper,* 38 Ill. 103; *Corley* v. *Kennedy,* 28 id. 143; *Shinkle* v. *Magill,* 58 id. 422; *Frizell* v. *Rogers,* 82 id. 109."

It makes no difference that an appeal was taken in the manner, specified in section 59 of the Roads and Bridges act, from the decision of the highway commissioners to three supervisors of the county, who filed in the town clerk's office of Lovington township their final order declaring the proposed road to be a public highway. (Hurd's Rev. Stat. of 1899, p. 1479.) The appeal to the supervisors could only bring before them a consideration of the propriety and expediency of vacating the old and laying out the new road, and also the subject of damages. As the action of the highway commissioners was without jurisdiction and void, there was nothing to appeal from. (*Perry* v. *Bozarth, supra*). It was said by this court, speaking through the late Mr. Justice SCHOLFIELD, in *Frizell* v. *Rogers,* 82 Ill. 109: "The commissioners having acted without jurisdiction, there was nothing to appeal from. An appeal presupposes, and, indeed, is

a recognition of jurisdiction," the case being one where the commissioners of highways had no jurisdiction in making an order to lay out a highway because proper notice was not given. In *Johnson* v. *Stephenson, supra,* it was also said: "The record failing to show jurisdiction on the part of the commissioners to act, everything they did was a nullity, and all proceedings by the supervisors were equally void." In *Schuchman* v. *Commissioners of Highways,* 52 Ill. App. 497, it was held that, in proceedings to lay out a public highway, the posting of notices of the time and place when and where the commissioners will meet to hear reasons for and against the laying out of the road, relates to the jurisdiction, and that the failure to post the notices cannot be cured in any manner whatever, and that, where such notices have not been posted as required by law, the commissioners have no power to proceed under any circumstances with reference to the subject matter.

In view of what has been said above it is unnecessary to consider the other points made by plaintiffs in error, which attack the subsequent proceedings after the appeal to the supervisors and in reference to the assessment of damages before the justice. As the action of the commissioners of highways was without jurisdiction, and as under the authorities quoted there was for this reason nothing to appeal from, every act of the supervisors was a nullity.

For the reasons above stated, we are of the opinion that the circuit court erred in quashing the writ, and in not quashing the return. Accordingly, the judgment of the circuit court is reversed, and the cause is remanded to that court for further proceedings in accordance with the views herein expressed.            *Reversed and remanded.*