THE COMMISSIONERS OF HIGHWAYS OF THE TOWN OF SONORA, Plaintiffs in Error, *v.* THE SUPERVISORS OF CARTHAGE, PRAIRIE AND MONTEBELLO, and GEORGE BLACK, J. J. GARDNER and J. DARBY, Defendants in Error.

### ERROR TO HANCOCK.

The only office which the common law writ of certiorari performs, is to certify the record of a proceeding from an inferior to a superior tribunal. It is the duty of the inferior body to whom it is directed, to transmit a complete transcript of the record properly certified, to the court awarding the writ; without any statement of facts *dehors* the record.

The superior tribunal, upon an inspection of the record alone, determines whether the inferior tribunal had jurisdiction of the parties and of the subject matter,

and whether it has exceeded its jurisdiction, or has otherwise proceeded in violation of law.

This proceeding is wholly different from a trial under our statutory writ of *certiorari*, inasmuch as that is a trial *de novo*.

Upon an appeal to the board of supervisors from the decision of the commissioners of highways, as to the laying out of a road, it is not necessary that the supervisors should examine the entire road. It will be sufficient if they examine that portion of the road against which the objections are urged.

Where the commissioners of highways make themselves parties to a proceeding to reverse a decision of the supervisors, by a writ of certiorari, and are unsuccessful, a judgment against them for costs is proper.

If they were acting in behalf of the town, they should have appeared in its name and not in their own.

THIS was a common law certiorari, brought by the commissioners of highways of the town of Sonora, Hancock county, in the Hancock Circuit Court, to review and reverse a decision of the supervisors of the towns of Carthage, Prairie and Montebello, on appeal of said Black, Gardner and Darby, reversing a decision of the plaintiff, in laying out a highway in said town of Sonora.

The writ was allowed upon the affidavit of Fulton, one of the petitioners for the road, which shows that on the 18th of April, 1855, fourteen legal voters of the town of Sonora, Hancock county, Illinois, residing within three miles of the proposed road, petitioned the commissioners of highways of said town to lay out a road on or near the line between sections 16 and 21, 15 and 22, 14 and 23, and 13 and 24, in said town. That on the 7th May, 1858, petition, and proof of posting, was presented to said commissioners.

Notice of hearing petition on 17th May, 1858, at the house of W. H. Fulton, between 8 o'clock a. m. and 4 p. m., and affidavit of posting.

That on 17th May, 1858, commissioners met and laid out road, and on the 18th filed petition, affidavit of posting notices, affidavit of posting order laying out road, and survey thereof.

Appeal by Black, Gardner and Darby, to supervisors of Carthage, Prairie and Montebello, on 14th June, 1858. Appeal papers delivered to Ruggles, supervisor of Montebello, and notice of hearing fixed for the 30th of July, 1858.

July 30th, 1858, supervisors met. The petitioners for the road and commissioners of highways, as well as the appellants, also met at the house of George Black, one of the appellants. The commissioners of highways presented the petition, affidavit of posting notice, affidavit of posting order laying out road, survey, and order as to damages.

Commissioners requested the supervisors to examine the route of said road as laid out by them, and insisted that it was the duty of the supervisors to do so. That said supervisors started, went one-half mile and returned, and wholly neglected and refused to examine the other three and a half miles ; the half mile examined was within Black's inclosure, and a good route for a road; that other parts of the route were inclosed, no part of which were examined by said supervisors, and said supervisors refused to examine the same. The appellants insisted that the commissioners of highways and petitioners for the road held the affirmative—that unless they made out by the oaths of witnesses that the road was necessary, that the supervisors must reverse the decision of the commissioners in laying out said road *in toto*—and refuse to offer any proof on their part, and submitted said cause.

The commissioners of highways insisted that the supervisors were to act upon the petition and other papers brought before them by the appeal, and examine the route, the same as commissioners of highways are required to do; and that no further act or proof was necessary on their part, or on the part of the petitioners for the road, to sustain the same, unless made so to rebut proof offered by the appellants; that the appeal was brought to reverse an act of the commissioners of highways done within their jurisdiction, and the supervisors must affirm the same unless they should be satisfied by proof, or an examination of the route, that the road was improper and inexpedient.

The supervisors, without examining route, and disregarding the petition and order of the commissioners of highways, on the same day filed with the clerk of said town an order reversing *in toto* the order of said commissioners laying out said road, and taxed the costs to the town of Sonora at $23.

In their order said supervisors say, " Whereas, neither of the parties offered any proofs, but submitted the same without proofs, and we being fully advised in the premises, do order and determine that the order and determination of the commissioners be and the same is hereby in all things reversed."

The following is the return to the writ of certiorari :

" The undersigned, for return to the within writ, say that the facts stated in affidavit on which this writ was allowed, are literally and substantially true in every respect, and pray that the same may be considered our return hereto, with this addition, that we examined the road as far as we deemed it necessary.                DENNIS SMITH,  ⎫
                T. RUGGLES,   ⎬ Supervisors."
                C. WINSTON,    ⎭

" I understood from some one present, but from whom I

cannot state, that we had examined the route as far as there was any dispute."—D. Smith, Sup. of Prairie.

The court found for the defendants, and rendered judgment for costs against the commissioners of highways. To reverse which, this writ of error is prosecuted.

The following are the errors assigned :

The court erred in finding the issues for the defendants.

The court erred in rendering judgment against the plaintiffs for costs.

The court erred in not deciding it to be the duty of the supervisors, on appeal, to perform the same duties required of commissioners of highways on petition to them for a road, and in not reversing the decision of said supervisors because they refused to perform that duty.

The court erred in not reversing the decision of the supervisors, on the ground that said supervisors admit by their return that they did not do any act, except to meet, required by law of them on appeal.

The court erred in not either reversing the decision of said supervisors and affirming the decision of the commissioners of highways, or reversing said order and remanding said proceedings to said supervisors, commanding them to act upon the same, and decide " whether it is proper and expedient to locate said road," and to make and file with the town clerk of said town their order thereon.

Geo. Edmunds, Jr., for Plaintiffs in Error.

·Grimshaw & Williams, for Defendants in Error.

Walker, J. The only office which the common law writ of *certiorari* performs, is to certify the record of a proceeding from an inferior to a superior tribunal. When issued and served, it becomes the duty of the inferior court or body, to whom it is directed, to transmit a full and complete transcript of the record of the proceeding, of which complaint is made, properly certified, to the court awarding the writ. It is not the duty of the jurisdiction to which it is directed, to certify or return facts *dehors* the record, but simply the record itself. Upon the return when made, the superior court tries the case upon the record alone, and it is not admissible to try it upon the allegations contained in the petition for the writ, or on facts, not contained in the record so returned. In this proceeding no trial can be had upon any issue of fact. It must be by an inspection of the record, returned in obedience to the writ.

When the return is sufficient, it is the duty of the court to try and determine, whether the inferior tribunal had jurisdiction of the parties and the subject matter, and whether it has exceeded its jurisdiction, or has otherwise proceeded in violation of law. If from the record it shall appear that the proceeding is irregular in any of these particulars, the court should quash and vacate the entire proceeding, otherwise dismiss the writ. A trial on a return of this character, is in many respects like a trial on a writ of error, it being a trial upon an issue of law and not of fact. This proceeding is wholly different from a trial on our statutory writ of *certiorari,* inasmuch as that is a trial *de novo.*

In this case no question is raised, as to the jurisdiction of the supervisors over the subject matter. Nor is it denied that they had legal authority to reverse the action of the commissioners of highways in locating the road. But it is insisted that it appears from the return, that they did not conform their action to the requirements of the law, by failing to pass over and view the entire road, before they reversed the order by which it had been located. The return does show, that the supervisors examined the road so far as they deemed it necessary, and one of them returns specially, that it was examined as far as there was any dispute. The legal presumption would be, that they had acted in conformity with the duty imposed by the statute, if it appeared from the record that they had acquired jurisdiction, although the return had been silent as to the view.

The 3rd Sec., Art. 24, of the chapter entitled Counties, (Scates' Comp. 353,) requires the commissioners to " personally examine the proposed alteration, discontinuance, or route for the new road proposed to be laid out, and shall hear any reasons that may be offered for or against altering, discontinuing or laying out the same." The twelfth section of the same article provides, that the supervisors on an appeal, shall convene at the time and place mentioned in the notice, and hear the proofs and allegations of the parties. The act confers power to issue process to compel the attendance of witnesses, and it provides that their decision shall embrace the whole matter in controversy. They are first to consider the propriety and expediency of locating, altering or discontinuing the road; and secondly, the subject of damages, if embraced in the appeal. Even if the provisions of the third section apply to the action of the supervisors trying the appeal, it would only require them to make a personal examination of the road, so far as might be necessary to arrive at a just and fair conclusion.

It is not imperative that they shall pass over every part of the proposed road. It might 'be, that the whole objection urged against the road, referred to a specified point in the route. As if the crossing a stream might involve too large an outlay of money and labor, to justify its location. In such a case, they by passing over a small portion of the line of the road, could determine the question in dispute, as accurately as if they passed over every part of it. Or the evidence adduced might be so clear and satisfactory, as to render a personal examination of the entire route useless. They might, by passing over a part, be able to inspect the remainder as satisfactorily as by traveling over it. As this return shows that the road was examined as far as they deemed it necessary, we must presume they examined the portion about which the controversy existed, or so far as was necessary to convince them that the road was inexpedient, and not required by public necessity. Upon this return we do not perceive anything which indicates that they exceeded their jurisdiction, or decided against the law.

The commissioners were the parties plaintiffs in this proceeding, or at any rate, they made themselves such. They instituted and continued the proceeding in their own name, and are estopped now, to complain that they have been mulcted in costs. If they were only appearing on behalf of the town, they should have acted in its name and not their own, but there is nothing to show that such was their design. The judgment against them for costs was properly rendered in the court below.

The judgment of the court below is therefore affirmed.

*Judgment affirmed.*