[No. 3890.]

THE PEOPLE EX REL. HALLETT v. THE BOARD OF COUNTY
COMMISSIONERS OF ARAPAHOE COUNTY ET AL.

1. CERTIORARI—PRACTICE.

The object of proceedings on certiorari is to correct errors of law appar-
ent from admitted or established facts and not to settle those which
are disputed.    The entire record of the inferior tribunal, which it
is sought to review, is certified to the court ordering the writ, and
upon this record alone the cause is tried in the superior tribunal,
and not upon allegations in the petition for the writ or on facts not
appearing in the record.    No original evidence should be received
in the reviewing court.

2. SAME.

Upon certiorari to review the action of the assessor and board of equal-
ization in certain assessments, the district court will only consider
the record embraced in the answer of respondents on their return
to the writ, which consists of the schedule returned by the assessor,
the petition of the aggrieved party to the board and the action of
the board thereon.

3. TAXES AND TAXATION—ASSESSMENT—PRESUMPTION.

Where in a tax schedule returned by the assessor an item appears under
the head " Valuation of Personal Property by Assessor," it will be
presumed that the assessor complied with the law requiring him to
list and value property where an owner neglects or refuses to give
in his list, and that the owner against whom the assessment was
made was possessed of the property and the items were assessed at
their value, and that the assessor based his action upon information
and not upon conjecture.

4. TAXES AND TAXATION—CONSTITUTIONAL LAW.

Section 3792, Mills' Ann. Stats., in so far as it relates to money, notes
and credits, is not in contravention of section 3, article 10 of the
constitution, by requiring an assessment of the amount instead of
the value of such money, notes and credits.

5. TAXES AND TAXATION—OBJECTIONS TO ASSESSMENT—PRACTICE.

An owner of property having notice of the assessment of his property
cannot in a certiorari proceeding in the district court urge objec-
tions to the assessment that he failed to present to the board of
equalization.

*Error to the District Court of Arapahoe County.*

BY proceedings on certiorari, plaintiff in error, as relator,

commenced this action in the lower court against defendants
in error, as respondents, to vacate an assessment returned
against him by the assessor of Arapahoe county for the year
1897. In his petition for the writ he avers, in substance,
that the assessor, with intent to wrong and injure him, caused
to be entered against him in the assessment roll for 1897 the
item "moneys, notes or credits, $75,000," to the end that he
be compelled to pay taxes upon that amount for this year;
that there is nothing in the roll or records of the board to
show whether the whole or any part of the sum so assessed
is a statement of value or amount; that in making this as-
sessment the assessor proceeded upon conjecture only and
with the view of compelling petitioner to appear before the
board and state what moneys, notes or credits he held subject
to taxation; that he assumed the sum assessed to be the
amount of money loaned by petitioner upon real estate in
Arapahoe county and elsewhere; that he did not make any
valuation of such loans and that in due time petitioner ap-
plied to the respondent board, sitting as a board of equaliza-
tion, to have such assessment vacated, which was refused.
The writ having issued, respondents in error challenged the
sufficiency of the petition, purported to answer its averments
on the merits and set out as the record upon which the action
and proceedings of the board and assessor were based, the
schedule of personal property of the petitioner subject to
taxation in Arapahoe county, as returned by the assessor,
from which it appears the latter entered in the column
headed "Personal Property," opposite the printed items,
"Amount of moneys, notes or credits," and in the column
headed "Valuation of Personal Property by Assessor," the
sum of $75,000; the petition of relator to the board, by
which he sought to have this assessment corrected, in which
he stated, in substance, that he supposed the item of $75,000
was made up of loans on real estate secured by mortgage and
trust deed; that if such assumption was correct, the assess-
ment was erroneous, because it would result in double taxa-
tion, but that if he was in error on the point that such loans

were not subject to taxation, the amount should be reduced, because many of them were worthless, and that for such loans (if the board concluded they were assessable) the valuation thereof held by him subject to assessment on the 1st day of May, 1897, was the sum of $12,000; and also the record of the action of the board thereon, from which it appears that this petition was denied. On the trial in the district court evidence was offered upon the part of the relator to establish certain of the issues tendered by his petition, which was received over the objection of respondents. The latter also introduced certain evidence. The court found the issues in their favor, quashed the writ and dismissed the petition. From this judgment relator brings the case here on error and assigns as errors the finding of the court on the issues and its action in quashing the writ and dismissing the petition. In support of these assignments he contends that the assessment is void, because the property assessed was not subject to taxation; that it was not assessed according to value or amount, but upon conjecture only; that the statutes under which it was made are unconstitutional; that loans on real estate are not taxable, and that the court erred in finding the issues in favor of respondents, because the evidence established them in favor of the relator, and for the further reason that the issues of fact tendered by his petition were not controverted by the answer.

Mr. MOSES HALLETT *per se* and Mr. W. C. KINGSLEY, for plaintiff in error.

Mr. A. B. McKINLEY, Mr. CASS E. HERRINGTON, Mr. L. F. TWITCHELL and Mr. C. H. REDMOND, for defendants in error.

MR. JUSTICE GABBERT delivered the opinion of the court.

The object of proceedings on certiorari is to correct errors of law apparent from admitted or established facts, and not

to settle those which are disputed.   By this method the en-
tire record of the proceedings of the inferior tribunal, which
it is sought to review, is certified to the court ordering the
writ, and it is upon this record alone, that the cause is tried
in the superior tribunal, and not upon the allegations of the
petition for the writ, or on facts not appearing in the rec-
ord.   *Comrs. v. Harper*, 38 Ill. 103 ; *Comrs. v. Supervisors*, 27
Ill. 140.   For this reason, no original evidence should have
been received in the district court, and it is unnecessary to
determine whether the court correctly found the issues on
the testimony introduced by the respective parties, or whether
the issues of fact tendered by the petition for the writ were
controverted by the answer or not, as the judgment rendered
could only be predicated upon the records of the board and
assessor.   The necessity for this rule is clearly shown in the
case at bar, for a comparison of the petition presented by
plaintiff in error to the board with his petition for the writ
discloses that the case he stated in the court below is en-
tirely different from that made before the board.   His counsel
cite cases in which evidence was considered upon the trial
of the case in the court issuing the writ, but such evidence
was either that heard before the inferior tribunal upon which
it based its action, and was therefore deemed a part of the
record of such tribunal, or the proceedings were under a
special statute, authorizing the introduction of evidence in
such cases, or the question was not raised.   The judgment of
the district court must be tested by the record embraced in
the answer of respondents on their return to the writ.   Only
questions thus raised can be considered.   This record con-
sists of the schedule returned by the assessor, the petition of
plaintiff in error presented to the board, and the action of the
latter thereon.

It is urged that notes secured by mortgages on real estate
in this state are not subject to taxation.   No such question
is presented by the records of the proceedings before the
board.   In the petition presented to that body, plaintiff in
error assumed that the item of $75,000 was made up of loans

of this character, but there is nothing in the schedule returned by the assessor upon which to base any such conclusion. This schedule, outside of other items of personal property which are not contested, only exhibited that the assessor had fixed the value of money, notes, or credits for which plaintiff in error was liable for assessment, at the sum of $75,000, without in any manner designating the character or class of such items; and because petitioner assumed that the schedule exhibited something which it did not, raised no question based upon such assumption.

It is claimed that the assessment is void because the items of which it consists are not subject to taxation; that they were not assessed according to value or amount; and that the statutes under which the assessment was made are unconstitutional. No such questions were attempted to be presented to the board, and it is doubtful if in a proceeding of this character plaintiff in error is entitled to have them determined, but the point is not raised by counsel for defendants in error, and we do not decide it. The item of $75,000 is placed in the column in the schedule returned by the assessor headed " Valuation of Personal Property by Assessor," so that it appears affirmatively that it was valued by the assessor, and as the law requires that " all taxable property shall be listed and valued each year, and shall be assessed at its full cash value " (section 3769, Mills' Ann. Stats.), it will be presumed that the assessor complied with the law in this respect; and likewise obeyed the law which directs that where an owner neglects or refuses to give in his list within the time prescribed, " the assessor shall fill out a list for such person, putting therein all taxable property which he has reason to believe is owned by said person, liable to taxation, at its present full, cash value." Section 3795a, 3 Mills' Ann. Stats. We conclude, therefore, from the record set out by respondents in their return to the writ, that on the 1st of May, 1897, it affirmatively appeared that plaintiff in error was possessed of money, notes or credits of the amount and value of $75,000, as scheduled by the assessor; that these

items were assessed at their value, and that the assessor based his actions in this respect upon information, and not upon conjecture.

The remaining questions, that the items are not subject to taxation, and that the statutes under which they were assessed are unconstitutional, may be considered together, as we understand from the argument of plaintiff in error, that the first of these propositions is predicated upon the second. The constitution requires that taxes shall be levied and collected under general laws, which shall prescribe such regulations as will secure a just valuation of all property for the purpose of taxation, section 3, article ten. The point is made that because section 3792, 3 Mills' Ann. Stats., in directing how each person owning or having charge of property in this state, subject to taxation, shall make out his list, states that it shall contain " the amount of money, notes, or credits," instead of value, that so much of the act relating to this class of property is unconstitutional, because the amount of these items might be very different from the value, and there being no other statute relative to the listing of property of this kind, that, therefore, there is no act under which it can be assessed. This position is not tenable. To assess, in our statutes on the subject of revenue, means to make an official estimate of value for the purpose of taxation. This act can only be performed by those who, by law, are intrusted with this duty. Making out a list of property by the owner, with its estimated value, is not its assessment, but for the purpose of informing the officers whose duty it is to assess, what property the person furnishing such list has, which is subject to taxation; and likewise aiding them in fixing its value. This is apparent from several sections of the statutes bearing on the subject. Section 3788, 3 Mills' Ann. Stats., directs that the assessor shall assess all property except as otherwise provided by law, while by section 3815, 2 Mills' Ann. Stats., it is made his express duty to value all property except such as is required to be valued by the owner; so that under this section the items " Amount of money, notes or credits," re-

turned by the owner, would be valued by the assessor. He is required by section 3816, 3 Mills' Ann. Stats., to submit to the board of equalization the complete assessment of his county, together with the lists of property returned to him, and also lists of those whose returns of personal property are insufficient, or who have failed to return any, and shall report his action in each of the two latter cases. It is made the duty of the county commissioners of each county, sitting as a board of equalization, by section 3838, 2 Mills' Ann. Stats., "to supply omissions in the assessment roll, and for the purpose of equalizing the same, may increase, diminish, alter or correct any assessment or valuation;" so that without respect to what the schedule must contain, as returned by the owner of the property, its valuation is finally fixed by the proper revenue officers, and thus the statutes, taken as a whole, are designed to secure a just valuation of all property for the purpose of taxation, in obedience to the mandates of the constitution on this subject.

Both in the oral argument and in the printed briefs, counsel for plaintiff in error strenuously insist that the averments in the petition for the writ, relative to the motives which induced the assessor to return the assessment against him, and the statement that his action with respect to its amount was based upon conjecture only, not having been controverted by the answer, and the evidence heard below fully establishing these averments, that therefore he is entitled to the relief prayed. We have already indicated that these are matters which cannot be considered in proceedings of this character for the reason that they are not embraced in the record proper, which it is sought to review, but we will briefly notice this question from another point of view.

Conceding that these averments in a petition to the board would have stated facts sufficient to entitle plaintiff in error to the relief demanded, notwithstanding there is no averment upon his part that he was not the owner of money, notes or credits subject to taxation of the value returned, yet they are matters wholly immaterial and irrelevant in this case. Ac-

cording to his own showing he had notice of this assessment, but made no effort to present these questions to the board. None of these matters appeared either upon the schedule, roll or the records of the board. The law has provided a forum—namely, the board of equalization, section 3838, *supra*, —whose duty it is, at the instance of any one aggrieved, to correct errors in the assessment roll returned by the assessor. Having failed to avail himself of the plain, speedy and adequate remedy thus afforded, to correct his assessment upon these grounds, or, at least, present these questions to the board, he cannot resort to proceedings in certiorari for that purpose. The judgment of the district court is affirmed.

*Affirmed.*