[No. 2982.]

THE CITY COUNCIL OF THE CITY OF CRIPPLE CREEK ET AL. v. HANLEY ET AL.

1. **City Councils—Contested Elections—Jurisdiction—Constitutional Law.**

Section 4490 Mills' Ann. Stats., conferring upon city councils jurisdiction to determine the election and qualification of their own members, is constitutional.

2. **Certiorari—Jurisdiction.**

District courts have jurisdiction to review the action of inferior courts and tribunals upon writ of certiorari only as to the question of jurisdiction of the inferior court or tribunal.

3. **Same—City Councils—Contested Election.**

The district court had no jurisdiction on certiorari to review the action of a city council in a matter of contest of election of its members, and to determine whether the action of the council in such contested election was justified by the evidence.

*Appeal from the District Court of Teller County.*

Messrs. TEMPLE & CRUMP, Mr. JAMES OWEN, Mr. GEORGE H. KOHN and Mr. CHARLES C. BUTLER, for appellants.

Mr. FRANK J. HANGS and Mr. G. Q. RICHMOND, for appellees.

Mr. E. C. STIMSON, of counsel.

GUNTER, J.

A contest before the council of the city of Cripple Creek resulted in that body unseating contestees (appellees)—aldermen holding certificates of election—and seating opposing candidates, contestants Van der Weyden and Storey. Contestees brought

*certiorari* in the district court to review this action, and therein, by judgment, obtained its annulment. From such judgment is this appeal.

The return made to the writ of *certiorari* showed the filing of the petitions of contest with the city council, the issuance and service of notice of contest, the appearance of contestees in person and by counsel, the hearing upon the merits and the resolution of the council unseating contestees and seating contestants. After this return was in, on motion of appellees (contestees and plaintiffs below) the court ordered, and appellants made, supplemental return containing the evidence heard before the council upon the trial of the merits of the contest. The case was heard in the district court upon such original and supplemental returns.

Appellants have brought to this court the record upon which the case was heard in the district court, that is, the record of the proceedings before the council as set out in the return to the writ of *certiorari*, except the evidence heard before the council upon the trial of the merits of the case.

"The members of the city council * * * shall be judges of the election returns and qualification of their own members."—2 Mills' Ann. Stats., sec. 4490; *Booth v. County Court*, 18 Colo. 561, 564.

It was competent for the legislature to confer this jurisdiction upon the city council.—Colo. Const. art. VII, sec. 12; *People v. Londoner*, 13 Colo. 312, 313.

The facts pertinent to the jurisdiction of this case by the city council are ascertained from the return to the writ of *certiorari*.—*People ex rel. v. County Comrs.*, 27 Colo. 86, 89; *Comrs. v. Harper*, 38 Ill. 103; *Comrs. v. Supervisors*, 27 Ill. 140.

The return to the writ of *certiorari* shows that the question of jurisdiction in the city council to

determine the contest was not raised before that body, that the evidence adduced went to the merits of the action, and it further shows jurisdiction in the city council of subject-matter and of parties.

Appellees contend that the district court had power upon *certiorari* to determine whether the evidence taken before the council was sufficient to justify it in ousting appellees and seating contestants, that the evidence did not justify the city council in such action and that, therefore, the district court was right in annulling the action of the city council, and the judgment of the district court to such effect should be upheld.

If the district court was confined to the question of the jurisdiction in the city council of the subject-matter of the contest and of the parties thereto, and it appeared from the return to the writ of *certiorari* that the city council had such jurisdiction, then the district court should have dismissed the writ. If it acted otherwise under such conditions, its judgment should be reversed.

Chapter 31 Civil Code .of Colorado, 1877, entitled "Writ of *Certiorari* and Prohibition," is a literal copy of the then-existing code of California upon the same subject.—Cal. Pr. Act (Parker), secs. 455, 465.

"In adopting the laws of a sister state, the general rule is that the legislature adopts also the settled construction given those laws by the courts of such state, and our legislature is presumed to have done so in these instances."—*Stebbins v. Anthony et al.,* 5 Colo. 348, 356; *Bradbury v. Davis,* 5 Colo. 265, 270.

In *Henderson v. Johns,* 13 Colo. 280, 285, in interpreting a provision of the Code of Civil Procedure of 1877, it was said:

"This was the established rule in California,

from which state our code is largely borrowed. * .* * By a familiar rule of construction, by taking this statute our legislature will be held to have adopted it as construed at that time by the court of last resort in the state from which it was taken."

In *Orman v. Bowles,* 18 Colo. 463, 468, in construing a statute in accordance with the interpretation thereof by the courts of the state from which it was taken, it was said:

"Under a familiar rule, by adopting this statute we accepted this construction."—*Germania Life Ins. Co. v. Ross-Lewin,* 24 Colo. 43, 50 and 51; *Shreves v. Chessman,* 69 Fed. 785, 788.

In 1860, in *Whitney v. B. of D.,* 14 Cal. 480, 496, Mr. Justice Stephen J. Field participating, sections 456 and 462 of the California practice act—literally the same as sections 291 and 297 of our civil code of 1877—were construed, the court at pages 499 and 500, saying:

"We have already seen that the writ can be granted only where the jurisdiction of the inferior tribunal has been exceeded; and, taking these two provisions together, it is clear that the courts are confined to the determination of the question of jurisdiction. Beyond this, they have no right or authority to go; and they have nothing whatever to do with the proceedings before the inferior tribunal, except so far as an examination of such. proceedings is necessary for the determination of this question. * * * It brings up no issue of law or fact not involved in the question of jurisdiction. Under no circumstances can the review be extended to the merits. Upon every question, except the mere question of power, the action of the inferior tribunal is final and conclusive * * * the cases are numerous to the effect that the review may be extended to every issue of law and fact.involved in the question

of jurisdiction, and that not only the record, but the evidence itself, when necessary to the determination of this question, must be returned. The latter is the more reasonable, and, we think, the true rule."

See also *Henshaw v. Board of Sup. of Butte County,* 19 Cal. 157, decided in 1861.

" 'Has exceeded the jurisdiction of such tribunal, board,' etc., and 'has regularly pursued the authority of such tribunal, board,' etc., as expressed in these two respective sections of the practice act, present substantially the same idea. Mere irregularity intervening in the exercise of an admitted jurisdiction—mere mistakes of law committed in conducting the proceedings in an inquiry which the board had authority to entertain—as, for instance, the admission of evidence not the best in degree, or not applicable to. the issue in hand, are not to be considered here upon *certiorari,* otherwise that writ is to be turned into a writ of error. * * * Jurisdiction is the power to hear and determine—this is its general definition. Jurisdiction, as applied to a particular claim or controversy, is the power to hear and determine that controversy. The mere grounds upon which the determination is reached may or may not be correct in themselves. These may be supported by evidence inadmissible when tested by the rules governing the introduction of evidence. The reasons given for the conclusion arrived at may or may not be such as address themselves to the judgment of others; but erroneous views entertained, or incorrect reasons assigned, or evidence erroneously admitted in deciding the controversy, do not make a case of want of jurisdiction."—*C. P. R. R. Co. v. Placer Co.,* 43 Cal. 365. (Decided in 1872.)

Sections 403 and 409 of the Civil Practice Act of Nevada, as it stood in 1866, and as it still stands, was a literal adoption of the above sections from the

California Practice Act. The sections were construed in 1866 in *Maynard v. Railey*, 2 Nevada 314. Therein it is said:

"If it appear that the jurisdiction of such tribunal, board, or officer has not been exceeded, there is no foundation for the writ. The expression employed in the latter section above quoted, that the inquiry shall extend no further than to determine whether the inferior tribunal 'has regularly pursued its authority,' certainly does not authorize an inquiry into any irregularity or question beyond that of jurisdiction. If the issuance of the writ is only permitted when an inferior tribunal, board, or officer has exceeded his or its jurisdiction, it is clear that no other question but that of jurisdiction can be inquired into upon its return. A mere irregularity, however gross it may be, cannot properly be the subject of inquiry upon it. Hence, we will confine our considerations to the question of jurisdiction simply."

Also *Phillips v. Welsh*, 12 Nev. 158, and *Riley v. King* (Ariz.), 25 Pac. 798.

The settled interpretation of chapter 31 Civil Code, 1877, in the state from which it was taken at the time of its adoption, was that upon *certiorari* could be considered only the question of jurisdiction in the tribunal, the judgment of which was sought to be reviewed. The province of *certiorari* as defined by chapter 31 is substantially the same as at common law, and it seems to be "well settled that a common-law *certiorari* tries nothing but the jurisdiction, and, incidentally, the regularity of the proceedings upon which the jurisdiction depends. It brings up no issue of law or fact not involved in the question of jurisdiction."—*Whitney v. B. of D., supra,* 500.

Chapter 28—"Of the Writ of *Certiorari* and Prohibition"—of our present code is substantially the

same as chapter 31 of the code of 1877. Section 303 of chapter 28, which section defines the extent of the review by *certiorari,* is literally the same as section 297 of the code of 1877. The code of 1887, as to *certiorari,* is substantially the same as the common-law writ of *certiorari.*

"The writ of *certiorari* provided by chapter 28 of the code of civil procedure is the same in substance as the common-law writ which lies for the removal of causes from an inferior to a superior tribunal."—*In re Rogers,* 14 Colo. 18, 19.

"It is quite true, proceedings by way of *certiorari* are regulated by our code; but in no general particular do the proceedings differ from those which prevailed before its enactment, nor are they governed by any other principles than those which formerly controlled its exercise. This is the result of the adjudications in the several courts."—*Ellis v. The People,* 15 Colo. App. 342, 344.

At common law the writ of *certiorari* presented for review only the question of jurisdiction.—4th Ency. P. & P., 90; 6th Cyc., 807.

We are justified, then, in concluding that under the California Practice Act only the question of jurisdiction could be considered in the review provided through the writ of *certiorari.* This was the established construction when we adopted the chapter as to *certiorari* of the California Practice Act, and by the adoption we are committed to such construction. Our present and past sections of the code with reference to *certiorari* are substantially the same as at common law. There, only the question of jurisdiction could be inquired into upon *certiorari.* We would be justified in following the California construction and the common-law construction if our appellate tribunals had failed to rule the question; we think, however, that our appellate tribunals have expressly

committed themselves to the same rule as obtained at common law and in California.

In *Aldermen of Denver v. Darrow,* 13 Colo. 460, Darrow, an alderman removed by resolution of the board of aldermen, filed a petition for *certiorari* in the district court to review such action. A general demurrer to the petition was overruled and judgment entered in accordance with the prayer thereof. Therefrom respondents appealed. One of the points ruled upon appeal was whether the court was confined upon *certiorari* to the question of jurisdiction in the tribunal, the action of which was sought to be reviewed.

In determining this question, section 329 of the code (Gen. St. 1883), being section 297 of the Civil Code of 1877, section 462 of the Practice Act of California, and section 303 of our present code (Mills' Ann. Code, defining when *certiorari* will lie), was quoted and construed, and in doing so the court said:

"It is clear that the courts are confined upon *certiorari* to the question of jurisdiction, and the regularity of its exercise," and after quoting *Whitney v. Board of Delegates, supra; R. R. Co. v. Placer Co., supra,* approvingly, proceeds:

"While power is vested in the courts by *certiorari* to review the proceedings of all inferior jurisdictions, to correct jurisdictional errors, they will not rejudge their judgments on the merits. The correctional power extends no further than to keep them within the limits of their jurisdiction, and to compel them to exercise it with regularity."

The action of the lower court is then approved in granting the writ of *certiorari,* because it appeared from the record that the council in passing the resolution complained of was without personal jurisdiction of Darrow.

In *U. P. Ry. Co. v. Bowler,* 4 Colo. App. 25, 27, the court said:

"The writ of *certiorari,* under our practice and statute, is undoubtedly designed to be what it is defined in the act—a writ of review.    *    *    *    It cannot be issued, however, according to the express limitations of the act, except where the inferior tribunal is entirely without jurisdiction, and where also no appeal will lie from the judgment, and no other plain, adequate and speedy remedy is provided by the statutes of the state. It seems to us that neither of these considerations exists."

In *Ellis v. The People,* 15 Colo. App. 341, 344, it was said:

"It is quite true proceedings by way of *certiorari* are regulated by our code, but in no general particular do the proceedings differ from those which prevailed before its enactment, nor are they governed by any other principles than those which formerly controlled its exercise. This is the result of the adjudications in the several courts.    *    *    *    The sole object of these proceedings is to review the judgment of the court below. The proceedings are not had on the merits of the controversy,    *    *    *."

*State Board of Land Commissioners v. Carpenter,* 16 Colo. App. 436, was an original action against the state board of land commissioners and the lessee to cancel a lease. It resulted in a judgment of cancellation. On appeal it was contended by appellants (defendants below) that the remedy of appellees (plaintiffs below) to review the action of the state land board was *certiorari.* The court thought differently, affirmed the action of the trial court, and in the course of the opinion, said:

"This suit goes to the merits of the case, to determine whether, on the facts, the board could cancel the lease of appellees, and relet to Joyce (one

of appellants).  Upon an investigation of the merits of the case, the relief of appellees is dependent.  Such is not the province of *certiorari*."

See also *People ex rel. v. County Comrs.*, 27 Colo. 86.

At common law upon *certiorari* only the question of jurisdiction could be considered.  The California Practice Act in effect re-enacted the common law as to the province of *certiorari*.  The California Practice Act was adopted by Colorado as to *certiorari* in 1877, and such act is substantially the law to this date.  This act had been repeatedly construed before its adoption by our state.  We are presumed in adopting the statute to have adopted such construction unless some strong reason appears to the contrary.  Such reason does not appear.  The courts of this state, in construing our chapter upon *certiorari* and the particular provisions now under consideration, have cited approvingly the California decisions construing this chapter, and particularly the sections under consideration.  Our appellate courts have held that the province of *certiorari* is to inquire only into the question of jurisdiction.  We conclude, therefore, that the lower court should have confined itself to this question.  If it had done so, as it appeared that the city council had jurisdiction of the contest, the district court should have dismissed the writ.  This it did not do, and therein erred.  For this reason the decision should be reversed.

*Reversed.*