[No. 2448.]

CROOT v. THE BOARD OF TRUSTEES OF THE TOWN OF MANITOU.

**1. Certiorari—Jurisdiction.**

The province of certiorari is to inquire only into the question of jurisdiction.

2. **Cities and Towns—Intoxicating Liquors—Canceling License— Certiorari—Jurisdiction.**

The district court cannot by certiorari review the action of the board of trustees of a town in canceling a license to sell liquors, unless it be shown that the board acted without jurisdiction.

*Appeal from the District Court of El Paso County.*

Mr. W. K. BROWN and Mr. O. P. GRIMES, for appellant.

Mr. JOHN W. KRIGER, for appellee.

GUNTER, J.

*Certiorari* out of the district court of El Paso county directed to appellee board whereby it was sought to review its action canceling a license to sell liquors held by appellant. A hearing upon the return to the writ and certain evidence resulted in a judgment quashing the writ and dismissing the action.

If appellee board had jurisdiction of the subject-matter and of the person, in its action annulling the license, such action cannot be reviewed on *certiorari*. The province of *certiorari* is to inquire only into the question of jurisdiction.—*City-Council of Cripple Creek v. Hanley,* 19 Colo. App. 390, and authorities cited.

It was incumbent upon appellant in order to justify the court in issuing the writ of *certiorari* to review the action of appellee board, to show that such board acted without jurisdiction in its cancellation of appellant's license. There was no showing before the district court that appellee board was without jurisdiction to make the order cancelling the license of appellee. For aught that appears it acted within its jurisdiction.

Judgment affirmed. *Affirmed.*