## No. 9806.

WHITE *v.* ANDREW, ET AL., CONSTITUTING THE STATE BOARD OF MEDICAL EXAMINERS.

Decided April 4, 1921.

Proceeding to revoke the license of a physician. License revoked.

### *Affirmed.*

1. PHYSICIANS AND SURGEONS—*Revocation of License—Certiorari.* In a proceeding to revoke the license of a physician on the ground that he had been convicted of selling morphine to an habitual user thereof, for other than medicinal purposes, it is proper for the court on certiorari to say whether the crime shown in evidence involved moral turpitude.

2. CERTIORARI—*Jurisdiction.* Upon certiorari the court could review the action of the state board of medical examiners only upon the question of jurisdiction or great abuse of discretion.

3. PHYSICIANS AND SURGEONS—*Statute Construed.* The expression "moral turpitude" as used in chapter 94, sec. 11, p. 359, S. L. 1917, concerning the practice of medicine, is not so indefinite as to render the statute void.

*Error to the District Court of the City and County of Denver, Hon. Greeley W. Whitford, Judge.*

Mr. FRANK McLAUGHLIN, for plaintiff in error.

MR. VICTOR E. KEYES, attorney general, Mr. CHARLES H. HAINES, for defendants in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

THIS case is here on error to the district court of Denver, which dismissed a writ of certiorari from that court to the State Medical Board.

The board revoked the license of the plaintiff in error on several charges, one of which was that he was convicted in the district court of the United States of a crime involving

moral turpitude, that is, the sale of morphine for other than medicinal purposes to an habitual user thereof.  The conviction of such an offense is one of the statutory grounds for revocation of a physician's license.  S. L. 1917, p. 359, § 11.

It is proper for the court on certiorari to say whether the crime shown in the evidence involved moral turpitude. (*Dilliard v. Medical Board,* decided at this term.)  We think there can be no question that it did.  No other abuse of discretion is suggested, so the board is not guilty of such abuse, and it had jurisdiction of the subject matter and person.  Upon certiorari the court could review the board's action only upon a question of jurisdiction or great abuse of discretion, Code 1908, § 331.  There was nothing, therefore, upon which the district court could reverse or modify the board's action and the judgment of dismissal was right.

It is urged that moral turpitude is too indefinite a term, and that therefore the statute is void; but that expression has been used, in statutes, textbooks and opinions on the common law, for too many years to leave any question on that subject.

*Graeb v. State Board,* 55 Colo. 523, 528, 529, 139 Pac. 1099, 47 L. R. A. (N. S.) 1063; *McCuen v. Ludlum,* 17 N. J. Law, 12; *Van Ness v. Hamilton,* 19 Johns. 367; *Baxter v. Mohr,* 76 N. Y. Suppl. 982; *Andres v. Koppenheafer,* 3 Serg. & Rawle, 254, 8 Am. Dec. 647; *Smith v. Smith,* 34 Tenn. 473; *Redway v. Gray,* 31 Vt. 292.

In the last case the court considers moral turpitude, and holds that some crimes involve it and some do not, and that petty larceny does.

Judgment affirmed.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE WHITFORD not participating.