No. 11,325.

STATE BOARD OF MEDICAL EXAMINERS *v.* SPEARS.

Decided June 7, 1926. Rehearing denied July 6, 1926.

Proceeding wherein the district court annulled an order of the state medical board revoking a license.

*Reversed.*

1. CERTIORARI—*Review.* On a review of certiorari proceedings, only questions of jurisdiction and abuse of discretion may be considered. Whether a decision on the merits is right or wrong, is not within the issue.

2. PHYSICIANS AND SURGEONS—*License.* Advertisement of a chiropractor falsely attacking a hospital and Veterans' Bureau, in order to increase his business, held dishonorable conduct justifying the revocation of his license.

3. CERTIORARI—*Review.* On certiorari the reviewing court may not enter upon the merits, and has not power to correct a mistake of fact or erroneous conclusion from the facts, made by the inferior tribunal.

4. PHYSICIANS AND SURGEONS—*Libel—License.* The publication of libelous matter may be sufficient ground for revoking the license of a physician who publishes the libel.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. CHARLES H. HAINES, for plaintiff in error.

Mr. CARLE WHITEHEAD, Mr. ALBERT L. VOGL, Mr. FLOYD F. MILES, for defendant in error.

*En banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS writ of error is to review a judgment in a certiorari proceeding wherein the district court annulled an order of the state board of medical examiners revoking the license of Leo Spears by which the board previously had authorized him to practice chiropractic in this state. Our practice of medicine act passed by the General Assembly in 1915, and approved by the people on referendum in 1917 (chapter 81, C. L. 1921), creates a board of medical examiners and gives to it comprehensive enumerated powers relative to the protection of the public health and the control and regulation of the practice of medicine and of chiropractic. Included in the enumeration are the power to grant licenses to those desiring to engage in such practice, and the power to revoke the same upon the grounds and for the reasons specified in the statute. The procedure to be observed in revoking licenses is the same as to both classes of practitioners. It was followed in this case and affords due process of law. Spears, respondent in this proceeding, held a license to practice chiropractic only. A verified complaint was filed with the state board charging him with immoral, unprofessional and dishonorable conduct, in that he caused to be printed and published in a newspaper certain false statements concerning the medical case of one Charles Culbertson, a patient of the government Fitzsimons Hospital, which were made recklessly without reasonable and adequate investigation to ascertain if they were true, and for the purpose of unjustly discrediting the officers and authorities of the hospital and the Veterans' Bureau, and for the further purpose of increasing his practice and income as a chiropractor. The advertisement in large type is headed: "Another disabled veteran sacrificed upon the altar of medical greed." Then follows in smaller type: "Intolerance of medical profession to chiropractic forces war hero out of Fitzsimons Hospital to slow death." As a part of the advertisement is a copy of a petition said to have been numerously signed and

addressed to the President and Congress of the United States, requesting these authorities "to provide and pay for (what is now prohibited in the Hospital) the one method at least that will most quickly and permanently restore us to normal—chiropractic." This advertisement is signed Spears & Mathis, Chiropractors. Mathis was at one time a partner of Spears, but is no longer associated with him, but Spears uses the firm name in his advertising and his own picture as a trade mark. Included in the advertisement is a picture of Dr. Spears, and a cut of Culbertson as he appeared upon his arrival in Denver "under a sealed sentence," and of Culbertson's mouth and teeth showing their decayed condition. This brief description is perhaps unnecessary, but it is sufficient to disclose the general character of the charges, and it throws light upon one of the defenses of Spears, which is that the advertisement was inserted in the newspaper for the purpose of aiding in a campaign which he was then conducting, in the interest of the veterans, to have Congress provide for treatment by chiropractors in their hospital. In a prolonged hearing, Spears being represented by counsel, much evidence was taken. The board sustained the charges and revoked his license. Thereupon Spears sued out a writ of certiorari in the district court and the district court upon the record certified by the medical board annulled and held for naught the order of the board of examiners revoking his license, and remanded the cause to that board for further proceedings, in conformity with the views of the district court, as might be necessary to carry out its judgment. The board has brought the case here for review of the judgment of the district court.

The board in hearing evidence permitted the respondent great latitude and the result is this record is burdened with much evidence far beyond and foreign to the real and only issues of fact involved. The board in its findings and judgment adverted to this but evidently

deemed it advisable to receive whatever the respondent chose to offer. The argument of respondent's counsel is largely addressed to issues of fact and propositions of law that are entirely foreign to a proceeding in certiorari. This and all other courts have so often defined the purpose of this proceeding that we content ourselves by reference to some of our own pertinent cases. One of the most exhaustive discussions in our reports of the function of this writ is in an opinion by Judge Gunter in *City Council of the City of Cripple Creek v. Hanley,* 19 Colo. App. 390, 75 Pac. 600, wherein the learned judge said that district courts have jurisdiction to review the action of inferior courts and tribunals upon writ of certiorari only as to the question of their jurisdiction. Such was the nature of the common law writ and such is the nature of our code writ, to which is added, what really was included in the common law writ, that if the court abused its discretion, or failed regularly to pursue its authority, which has the same meaning, the reviewing court might examine the evidence bearing on jurisdiction or abuse of discretion, but not with a view to determine facts or draw conclusions therefrom respecting guilt. As specially applicable to proceedings of the state board of examiners we cite several pertinent cases. *Thompson v. State Board of Medical Examiners,* 59 Colo. 549, 151 Pac. 436, is a review of an order of the medical board revoking a license. It is said there that on certiorari the district court is restricted to a determination of jurisdiction only, and will not go beyond this and inquire as to the sufficiency of the evidence or whether the state board reached a correct conclusion therefrom. In *State Board v. Noble,* 65 Colo. 410, 177 Pac. 141, this court in an opinion by Mr. Justice Teller, cited with approval the Thompson case, and said only questions of jurisdiction and abuse of discretion may be passed upon; whether a decision on the merits is right or wrong is not within the issue. In *State Board of Medical Examiners v. Boulls,* 69 Colo. 361, 195 Pac. 325, the same doctrine is again

announced. In the original opinion in *Dilliard v. State Board,* 69 Colo. 575, 196 Pac. 866, by Mr. Justice Denison and in his opinion on rehearing, it was said that no act of any tribunal, within its jurisdiction and not greatly abusive of its discretion, however erroneous it may be, can be reversed upon certiorari, and courts can consider the evidence for no purpose except to see whether the tribunal has exceeded its jurisdiction or abused its discretion. In that case it was also held that the medical board has jurisdiction to determine what constitutes unprofessional and dishonorable conduct and to revoke a license on account of such conduct. In *White v. Andrew,* 70 Colo. 50, 197 Pac. 564, the limit of the district court in such proceedings is again announced in consonance with the former rulings of the court. In *State Board v. Brown,* 70 Colo. 116, the phrase "abuse of discretion" is said to be synonymous with "a failure by the lower tribunal regularly to pursue its authority;" and the court adds, "this does not include the commission of errors of law, or mistakes in the finding of facts." The court cites with approval *City Council v. Hanley, supra,* that under no circumstances can the review be extended to the merits of the case. Our latest expression is *Doran v. State Board,* 78 Colo. 153, 240 Pac. 335, to the same effect as the foregoing.

The reprehensive conduct charged against the respondent is that he caused to be printed and published an advertisement, including his own picture, containing false statements about the hospital and the Veterans' Bureau; that these statements were made recklessly without any adequate investigation of their truth, in which he charged that the authorities of the Veterans' Bureau and Fitzsimons Hospital had practically caused the death of Culbertson by their barbarous and inhuman treatment. The state board in elaborate written findings found that these statements were false and scandalous and known to be such at the time respondent caused the advertisement to be inserted in the newspaper, and that

they were made for the purpose of unjustly discrediting the officers of the two institutions, and for the purpose of increasing his practice and income as a chiropractor, and as a conclusion from the findings the board held that such conduct was immoral, unprofessional and dishonorable and thereupon revoked his license.

The district court filed a written opinion in which the judge, in reviewing the grounds generally on which a physician or attorney's license may be revoked, states: "After a long and tedious hearing the board found Spears guilty of dishonorable conduct. With the finding of fact the court has no power to interfere; and in the light of the evidence the court, even if it had the power to do so, would not feel justified in making a finding to the contrary. His misconduct, however, does not belong to that class of dishonorable conduct that justifies the revocation of his license." Elsewhere in the opinion is the following: "There is not that intimate relation between Spears' offense and the public health, safety, morals or welfare that would warrant the revocation of his license. It is my opinion, therefore, that in revoking Spear's license the board did not regularly pursue its authority, and that it exceeded its jurisdiction." It is apparent that the district court, while it concurred with the board—and even if it had not concurred it would have been obliged to accept as true its finding of facts—that Spears had been guilty of dishonorable conduct, but as such conduct did not pertain to the intimate relation between Spears' offense and the public health, safety and morals, his license could not be revoked because the board did not regularly pursue its authority. The opinion of the trial court taken in its entirety satisfies us that the trial judge annulled the action of the board because he reached the conclusion that the unprofessional and dishonorable conduct of the respondent was not in connection with some patient, or did not take place in any of the dealings of a physician with his patient.

We say first that the court was mistaken in this conclusion. Taking as true, as we must, the finding of the board that the publication was made by respondent for the purpose in part of increasing his business and his income and not in aid of his alleged campaign, his object necessarily was to induce patients to come to him from whom fees would be received. This was a method, according to the finding of the board, that the respondent adopted as a means of securing additional patients and additional income; a method which was promoted through, and attended by, untruthful and scandalous conduct, in which charges against government officers and government institutions were made of which they were innocent. Such is certainly dishonorable conduct, and it was conduct that manifested itself in the attempt to secure patients and increase professional income. But if the relation was not strictly that of physician and patient, the conclusion of the district court does not follow. In the White case, 70 Colo. 50, we said that the medical board properly revoked the license of a physician who was convicted of a crime involving moral turpitude, which consisted of the sale of morphine by the physician for other than medicinal purposes, and to an habitual user thereof who was not his patient. A licentiate, by that opinion, is not acting in the course of practicing his profession, whether it be medicine or chiropractic, when he sells narcotic drugs to an habitual user for the latter's fancied solace or enjoyment and not as an aid to a cure. Suppose that an attorney, a leader in his profession, had published such an advertisement of his professional business similar to this. This court would not hesitate to revoke his license. The district court was manifestly wrong in concluding that the board did not regularly pursue its authority and therein exceeded its jurisdiction, because the dishonorable conduct of Spears in making these false charges did not have that intimate relation between Spears' offense and the public health, safety, morals or welfare that would justify a revoca-

tion.   Such finding, by the medical tribunal, even if erroneous, that respondent's conduct was unprofessional and dishonorable does not constitute a failure upon its part regularly to pursue its authority, nor was it an abuse of discretion.   In no event was it, or could it be, other than a mistake in its finding of facts or an erroneous conclusion from those facts and we cannot even say it was a mistake in either.   By all of our cases on certiorari, the reviewing court may not enter upon the merits and has not the power to correct a mistake of fact or an erroneous conclusion from the facts made by the inferior tribunal.

Thus far we have not mentioned the specific points made by the respondent's counsel in their brief, which may be summarized into the one general statement that the acts complained of do not constitute a violation of the medical practice act.   In reviewing the board's decision as to what constitutes dishonorable and unprofessional conduct, the courts as we have said will not substitute their finding for the board's finding of facts or interfere with the board's legitimate conclusion from such facts. The Dilliard case, supra, is relied upon as overruling all our other cases on this subject; it does not even purport to do so.   But if the case is what respondent's counsel say it is, and if it is for the courts, as well as for the medical board, to determine whether the conduct charged is unprofessional or dishonorable, or whether it is an abuse of discretion, we might paraphrase the observation of the district court and say that we would not be able to disagree with the inferior medical tribunal.

That the principles of the police power are applicable to and govern such controversies is not disputed.   That the exercise of the police power, by any tribunal or body, may be tested by the courts is also admitted.   Counsel further say that Spears was justified in making these charges, even though they were false and untrue, if he did so as a part of his campaign to obtain from Congress

for the Fitzsimons Hospital, chiropractic treatment, and he is liable only for damages by those whom he has libeled, if he has libeled them, in a civil action, or to a criminal prosecution for criminal libel in the courts where in either case he is entitled to a jury trial. It is enough to say that none of these contentions by counsel is meritorious. It is true that one who is indicted for criminal libel or is sued for damages by the one libeled, is entitled to a jury trial. This, however, is not a criminal prosecution or an action for damages. Libelous matter may be also sufficient ground for revoking the license of a physician who publishes a libel. We are of the opinion that it was not an abuse of discretion of the medical board to hold that the respondent's conduct was unprofessional and dishonorable. We must accept the finding of the medical board, and the trial court should have accepted it as a verity, that defendant's conduct bore such an intimate relation to the public health and public morals as to justify the finding that the respondent's conduct was unprofessional and dishonorable. The inferior tribunal unquestionably had jurisdiction. It did not abuse its discretion or fail regularly to pursue its authority. Neither the district court nor this court may enter upon an investigation of the merits, or inquire if the board made a mistake in its findings of fact, or erred in its conclusions upon the facts. The judgment of the district court is therefore reversed and the cause remanded with instructions to set aside its judgment and in lieu thereof to enter a judgment dismissing the writ of certiorari at the costs of the respondent.